**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | **COMPLAINT**<br><br>No. 2:23-cv-3995 |

Plaintiff Costamar Travel Cruise & Tours, Inc. ("Costamar"), by its attorney, John P. Fazzio, Esq., of Fazzio Law Offices, LLC, alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for (1) trademark infringement under Section 43(a) of the Lanham Trademark Act (the "Lanham Act"), 15 U.S.C. §1125(a); (2) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (3) trademark infringement under the New Jersey Trademark statute, N.J.S.A. 56:3-13.16; (4) unprivileged imitation under the New Jersey Unfair Competition statute, N.J.S.A. 56:4-1; and (5) common law trademark infringement and unfair competition.

## JURISDICTION AND VENUE

2.     The Court has federal subject matter jurisdiction over this action pursuant to 28

1

U.S.C. § 1338(a) based upon Plaintiffs' claims for trademark infringement, false designation of origin and false description arising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.      The Court has federal trademark subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) based upon Plaintiffs' claim for trademark dilution arising under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

4.      The Court has pendent jurisdiction over Plaintiffs' claims under the New Jersey Trademark statute, N.J.S.A. 56:3-13.16, arising from the same facts and circumstances as set forth within this Complaint.

5.      The Court has pendent jurisdiction over Plaintiffs' claims under the New Jersey Unfair Competition statute, N.J.S.A. 56:4-1, also arising from the same facts and circumstances as set forth within this Complaint.

6.      Venue is proper in this district under 28 U.S.C. 1391(b) and (c).

**THE PARTIES**

7.      Plaintiff Costamar Travel Cruise & Tours, Inc. is a New Jersey corporation.  At all times relevant hereto, Plaintiff had a business office and a principal place of business located at 310 Morris Ave, Elizabeth, NJ 07208 and a place of business at 531 East Oakland Park Blvd., Ft. Lauderdale, FL 33334.

8.      Defendant Nydia Pena is an individual who resides in the State of New Jersey. At all relevant times hereto, Defendant has resided at 52 Throckmorton Street, Freehold, NJ 07228 and has maintained a business office and a principal place of business at 760 NW 107th Ave, Ste. 208, Doral, FL, 33172.

9.      Defendant George Clavijo is an individual who resides in the State of New

Jersey.  At all relevant times hereto, Defendant has resided at 2791 Hooper Avenue, Brick, NJ 08723.

10.     The Court has personal jurisdiction over all Defendants.

## PERSONAL JURISDICTION

11.     The Court has personal jurisdiction over Defendants because Defendants knowingly engaged, directly or indirectly, in the acts, conduct, and/or events set forth herein, including the display of signs and formation of businesses using the infringing marks and logo, distributing and selling of services in the name of the infringing marks at issue in this action, with the reasonable expectation that the infringing services would be marketed, distributed, sold and consumed in the State of New Jersey, and that the conduct by Defendants as set forth within this Complaint has significantly and adversely affected the interests of Costamar Travel Cruise & Tours, Inc., a corporation organized and existing under the laws of New Jersey, and the citizens of the State of New Jersey. Indeed, directly and indirectly, Defendants have advertised, marketed and sold the infringing services at issue in this litigation to consumers in the State of New Jersey.

## FACTS COMMON TO ALL COUNTS

12.     Plaintiff is the owner of the trademark COSTAMAR registered in the United States of America under registration number 1980398 on August 18, 1996, and applied for on March 9, 1994, for "making reservations and bookings for airline transportation on a commission basis; courier services" in international class 39 and "insurance underwriting in the field of auto, health, life, home, business, and industry; insurance claim processing and administration and consulting services in connection therewith, currency exchange and advice" in class 36 and COSTAMAR TRAVEL registered in the United States under registration number 2797123 on

December 23, 2003, and applied for on November 25, 2002, for "travel agency services, namely making reservations and bookings for transportation; car rental services" in class 39 and "travel agency services, namely, making hotel reservations and bookings for temporary lodging" in class.



13.     Plaintiff applied for its trademarks COSTAMAR and COSTAMAR TRAVEL in 1994 and 2002 respectively. As asserted by Plaintiff when applying for these trademarks, COSTAMAR and COSTAMAR TRAVEL were first used in commerce in 1980 and 2001 respectively.

14.     Plaintiff also owns the trade names COSTAMAR TRAVEL DE MEXICO SA de CV in Mexico and COSTAMAR TRAVEL S.A. in Peru.

15.     Costamar has over 30 offices in the United States, others in Peru, Ecuador, Colombia and Brazil. It has used its trademark COSTAMAR TRAVEL for over 25 years. Thus, it is a well-known trademark in the Spanish-speaking community in the area of travel-related

services.

16.     Plaintiff employed Defendant Nydia Pena throughout the 1990s, and placed Ms. Pena in the Freehold Office in 1996.

17.     In 1999, Plaintiff gave verbal permission for Defendant Nydia Pena to manage her own travel agency and advertise as an agent of "Costamar Travel" so long as Defendant Nydia Pena exclusively purchased travel products solely from Plaintiff. Plaintiff neither sold a Costamar franchise to Defendant Nydia Pena nor entered into any formal Franchise Agreement.  Rather, the parties engaged in a joint venture, through which Defendant Nydia Pena would receive 80% of the profits from any travel packages sold for Costamar and Costamar would receive 20% of the profits from any travel packages sold for Costamar.

18.     From the time that Plaintiff gave verbal permission for Defendant Nydia Pena to open and manage her own travel agency and advertise as an agent of "Costamar Travel," Defendant has opened and operated three (3) locations. These locations are: 984 NJ-166, Toms River, NJ 08753; 2785 Hooper Avenue, Brick Township, NJ 08723 and 52 Throckmorton Street, Freehold, NJ 07728. Defendant also installed signage on said locations.

19.     In March of 2012, Plaintiff became aware that Defendant Nydia Pena was not purchasing products from Plaintiff Costamar, but rather was purchasing products from competitors, in particular Florida Best, while trading on Costamar's name and intellectual property and benefiting from its advertising efforts. It was at this time, as a result of Defendant Nydia Pena's actions, that Plaintiff declared Defendant in breach and unilaterally terminated Defendant's rights to continue as a joint venture partner and an authorized agent of Costamar.

20.     On or about March 5, 2012, in a conversation between Plaintiff's employee and Defendant Nydia Pena, Defendant claimed that there had been a decrease in sales because of their

dedication to tax preparation and it being low season. However, it was also revealed, during this conversation, that Defendant Nydia Pena was tired of Plaintiff and no longer desired to purchase products from Plaintiff.

21.     On or about March 5, 2012, Defendant Nydia Pena also claimed that she no longer had control of the company and that an individual by the name of Sandra Laboy was in charge.

22.     On or about March 7, 2012, Defendant Nydia Pena was removed from the Amadeus system that Plaintiff uses and provides to authorized agents for bookings through Costamar.

23.     On or about March 20, 2012, Plaintiff issued a Cease-and-Desist Letter to Defendant Nydia Pena advising that the use of the name Costamar should immediately stop, and that any authority previously given to act as an agent for Costamar was terminated effective immediately.

24.     Defendant Nydia Pena has shown a blatant disregard for her violation of the agreement, has ignored the Cease-and-Desist Letter, and continues to operate their three (3) locations while using Plaintiff's name and logo.

25.     Defendant Nydia Pena has not removed the installed signage on the locations with the Plaintiff's trademarked name and logo. Defendant Nydia Pena continues to use Plaintiff's trademarked name and logo on business cards.

26.     Defendant Nydia Pena continues to hold herself out as an Owner of Costamar Travel of Freehold, despite the termination of that relationship over a decade ago.

27.     In August of 2012, nearly five (5) months after the Defendants received the Cease-and-Desist letter, Defendant George Clavijo proceeded to open a New Jersey Business named "Costa Y Mar Services" that is phonetically identical to Plaintiff's trademarked name, in

order to mislead the public and to capitalize on Plaintiff's extensive advertising spend. These actions are indicative of Defendant George Clavijo's participation in his wife's trademark infringement activities and of his own intent to go beyond the use of the Costamar trademark itself, and to attempt to further capitalize on Plaintiff's trademark and advertising spend by opening confusingly similar business entities and locations.

28.     Notably, while the joint venture between the parties was active, Defendant Nydia Pena was continuously in open breach of the joint venture, because Costamar was not paid the 20% of the Defendant Nydia Pena's earnings for packages sold as an agent of Costamar leading up to the termination of that relationship on March 20, 2012.

29.     Defendant Nydia Pena, by continuing to use Plaintiff Nydia Pena's name and logo and by holding herself out as an owner, has deceived and continues to deceive current and future potential customers, tarnishes Plaintiff Costamar's brand, dilutes Plaintiff Costamar's federally protected Trademarks, and improperly converts revenues rightly due and owing to Plaintiff Costamar.

30.     Defendant Nydia Pena freely benefits from Plaintiff's advertising and in doing so has caused irreparable financial harm to Plaintiff. Furthermore, Defendant's actions in driving business to competitors has further enhanced this irreparable financial harm.

31.     Defendant George Clavijo is Nydia Pena's husband, and has aided and abetted her infringing activities, as set forth at greater length herein.

### FIRST COUNT
### Trademark Infringement, Lanham Act, Section 43(a), 15 U.S.C. §§ 1114 & 1125(a)
### The COSTAMAR & COSTAMAR TRAVEL Trademarks

32.     Plaintiff repeats and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-31 above.

33.      On August 18, 1996, based on Costamar's filing of an application on March 9, 1994, and no Opposition to the same being filed, the USPTO granted registration number 1980398 of the word mark and name COSTAMAR on the Principal Register for use in connection with "making reservations and bookings for airline transportation on a commission basis; courier services" in international class 039 and "insurance underwriting in the field of auto, health, life, home, business, and industry; insurance claim processing and administration and consulting services in connection therewith, currency exchange and advice" in class 036.

34.      The service mark COSTAMAR is represented by a typed drawing which is registered with the image as follows:

# COSTAMAR

35.      Costamar adopted the name and service mark COSTAMAR, and has used the service mark in interstate commerce for its travel agency business commencing in February 1, 1980.

36.      Since February 1, 1980, Costamar has consistently, exclusively and continuously used the mark COSTAMAR, for its travel agency services in interstate commerce.

37.      Because of extensive advertising, marketing, and promotion of COSTAMAR name and mark has become nationally well known; and is closely associated with the names and brands of Costamar Travel Cruise & Tours, Inc.; has achieved widespread recognition; and is closely associated with high quality travel agency services and hotel reservations and bookings, as well as car rentals, and associated travel planning; and has achieved enormous goodwill and reputation.

8

38.     COSTAMAR is an arbitrary, fanciful and inherently distinctive name and service mark which utilizes two languages (Spanish and English), and two words of public domain, COSTA = COAST, MAR = SEA.  With respect to its travel agency services, Costamar undertook substantial and extensive efforts to search, research and decide on a name and service mark that could not be associated or confused with any other service or agency - similar or not - on the market or any other mark for any other service.

39.     Because the mark COSTAMAR is famous and has achieved widespread recognition and is closely identified with a source or origin of quality travel agency services, thereby generating enormous goodwill and reputation, the COSTAMAR mark became uniquely recognized and associated with Plaintiffs' names and brand, and deserves exceptional protection under the law as having achieved its own secondary meaning.

40.     Continuously and exclusively since February 1980, Costamar has used the mark COSTAMAR, to identify high quality travel agency services and hotel reservations and bookings, as well as car rentals, and associated travel planning, and to distinguish that service from those made and sold by others, by, among other things,  prominently displaying the mark on the signs for its affiliated agencies, on marketing and promotional materials associated therewith, including digital content on websites and digital advertisements. In addition, Costamar has prominently displayed the mark COSTAMAR in advertising and promotional media, including magazines, newspapers, television commercials, and numerous other forms of advertising and promotion.

41.     On December 23, 2003, based on Costamar's filing of an application on November 25, 2022, and no Opposition to the same being filed, the USPTO granted registration of the service mark and name COSTAMAR TRAVEL on the Principal Register and the service mark COSTAMAR TRAVEL received Registration Number 2797123 for use in connection with

"travel agency services, namely, making reservations and bookings for transportation; care rental services" in International Class 039 and for use in connection with "travel agency services, namely making hotel reservations and bookings for temporary lodging" in International Class 043.

42.     The service mark & logo COSTAMAR TRAVEL bears design code 01.07.02 – Globes with meridians and parallels only and design code 26.17.13 – Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters.  The Description of the mark is as follows: "Color is not claimed as a feature of the mark. Color is claimed as a feature of the mark.  The wording of the mark is colored in blue.  The logo portion is colored as follows.  The upper left portion of the sphere is colored green.  The upper middle portion of the sphere is colored in blue.  The upper right portion of the sphere is colored in orange.  The middle left portion of the sphere is colored in blude.  The middle portion of the sphere is colored in yellow.  The middle right portion of the sphere is colored in blude.  The bottom left portion of the sphere is colored in red.  The bottom middle of the sphere is colored in blude.  The bottom right portion of the sphere is colored in red."



43.     Costamar adopted the name and service mark COSTAMAR TRAVEL, and has used the service mark in interstate commerce for its travel agency business commencing in October 1, 2001.

44.    Since October 2002, Costamar has consistently, exclusively and continuously used the mark COSTAMAR TRAVEL, for its travel agency services in interstate commerce.

45.    Because of extensive advertising, marketing, and promotion of COSTAMAR TRAVEL, the COSTAMAR TRAVEL name and mark has become nationally well known; and is closely associated with the names and brands of Costamar Travel Cruise & Tours, Inc.; has achieved widespread recognition; and is closely associated with high quality travel agency services and hotel reservations and bookings, as well as car rentals, and associated travel planning; and has achieved enormous goodwill and reputation.

46.    COSTAMAR TRAVEL is an arbitrary, fanciful and inherently distinctive mark. With respect to its travel agency services, Costamar undertook substantial and extensive efforts to search, research and decide on a mark that could not be associated or confused with any other service or agency - similar or not - on the market or any other mark for any other service.

47.    Because the mark COSTAMAR TRAVEL is famous and has achieved widespread recognition and is closely identified with a source or origin of quality travel agency services, thereby generating enormous goodwill and reputation, the COSTAMAR TRAVEL mark became uniquely recognized and associated with Plaintiffs' names and brand, and deserves exceptional protection under the law as having achieved its own secondary meaning.

48.    Continuously and exclusively since October 2001, Costamar has used the mark COSTAMAR TRAVEL, to identify high quality travel agency services and hotel reservations and bookings, as well as car rentals, and associated travel planning, and to distinguish that service from those made and sold by others, by, among other things,  prominently displaying the mark COSTAMAR TRAVEL on the signs for its affiliated agencies, on marketing and promotional materials associated therewith, including digital content on websites and digital advertisements.

In addition, Costamar has prominently displayed the mark COSTAMAR TRAVEL in advertising and promotional media, including magazines, newspapers, television commercials, and numerous other forms of advertising and promotion.

**WHEREFORE**, Plaintiffs demand the entry of judgment against Defendants on the First Count of the Complaint, providing as follows:

(a) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendants, enjoining and restraining them and all of their respective officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert with them or on their behalf, from (i) using, directly or indirectly, the names, mark and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark and words COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception; and (ii) selling, marketing, distributing, promoting, advertising, showing, displaying, or otherwise using in any way, directly or indirectly, any product or service bearing or using the names, marks and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception.

(b) Pursuant to 15 U.S.C. § 1118 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants using or bearing the names, marks and words COSTAMAR TRAVEL(R), and all plates, molds, matrices and other means of making same, be delivered up and destroyed.

(c) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction directing that Defendants immediately (i) recall any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements or other promotional material, whether physical, digital or otherwise, using or bearing the names, marks and words COSTAMAR TRAVEL(R); and (ii) provide written notice of such injunction to all vendors, affiliates, partners, agents or employees who distribute, sell or in any manner provide travel agency services under the mark COSTAMAR TRAVEL(R) and further directing that Defendants, within twenty (20) days of the issuance of the Temporary Restraining Order and/or Preliminary Injunction, provide Plaintiffs and this Court with a full accounting in regard to their compliance with this notification Order.

(d) Directing Defendants to account to Plaintiffs for any and all current and past sales and profits derived by Defendants from the sale or distribution of travel agency or related services under the marks and words COSTAMAR TRAVEL(R).

(e) Awarding to Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

(f) Awarding to Plaintiffs punitive and exemplary damages against Nydia Pena.

(g) Awarding to Plaintiffs prejudgment interest as allowed by the Lanham Act.

(h) Awarding to Plaintiffs their costs of suit.

(i) Awarding to Plaintiffs reasonable attorney fees as authorized by the Lanham Act.

(j) Such other and further relief as this Court deems just.

## SECOND COUNT
### Trademark Dilution, Lanham Act, Section 43(c), 15 U.S.C. § 1125(c)
### The COSTAMAR TRAVEL Trademark

49.     Plaintiff repeats and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-48 above.

50.     The marks COSTAMAR and COSTAMAR TRAVEL are distinctive and famous. The COSTAMAR and COSTAMAR TRAVEL marks are inherently strong and distinctive, have long been used in connection with the travel agency services with which they are associated, have long been the subject of substantial national advertising and promotion, have been used and advertised throughout the United States and Latin America, including national television advertising and advertising in nationally-distributed, high-circulation magazines, are widely recognized by consumers and those seeking travel-agency services, and are in exclusive use for a continuous span of over 40-years.

51.     Defendants Nydia Pena and George Clavijo have made commercial use in interstate commerce of marks or colorable imitations of marks owned by Costamar in connection with services which Nydia Pena and George Clavijo have offered in the United States in interstate commerce.

52.     The acts by Nydia Pena and George Clavijo have lessened the capacity of Costamar's famous marks to identify and distinguish the goods marketed under the Costamar name and brand and have blurred the unique association which has heretofore existed between Costamar's famous marks COSTAMAR and COSTAMAR TRAVEL, and the services offered,

marketed and sold under the COSTAMAR and COSTAMAR TRAVEL names and brands.

53. The acts by Nydia Pena and George Clavijo are in violation of Lanham Act § 43(c) in that they have caused dilution of the distinctive quality of the famous marks COSTAMAR and COSTAMAR TRAVEL, all to the irreparable injury to and damage of Costamar.

54. The acts of infringement and appropriation by Nydia Pena and George Clavijo were commenced and committed from a time after the famous marks COSTAMAR AND COSTAMAR TRAVEL became famous.

55. By reason of the acts of Nydia Pena and George Clavijo as set forth above, Plaintiff has suffered and will continue to suffer damage to their business, reputation and good will and the loss of sales, revenue and profits that Plaintiffs would have made but for the acts of Nydia Pena and George Clavijo.

56. Nydia Pena and George Clavijo, being in the business of travel reservations, hotel bookings, car rental services and travel planning, is a willful and intentional participant in said trademark dilution, by purposefully and intentionally selling her services under the infringing names, marks and words COSTAMAR and COSTAMAR TRAVEL.

57. Nydia Pena and George Clavijo committed these acts willfully and with the intent to trade on the reputations of Costamar and to cause dilution of the famous marks COSTAMAR and COSTAMAR TRAVEL.

58. Nydia Pena and George Clavijo threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to the irreparable damage of Plaintiff. It would be difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate the parties for the injuries

received and threatened.

59.     Nydia Pena and George Clavijo are liable for trademark dilution of the famous marks COSTAMAR and COSTAMAR TRAVEL under Section 43(c) of the Lanham Act.

**WHEREFORE**, Plaintiffs demand the entry of judgment against Defendants on the Second Count of the Complaint, providing as follows:

(a) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendants, enjoining and restraining them and all of their respective officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert with them or on their behalf, from (i) using, directly or indirectly, the names, mark and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark and words COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception; and (ii) selling, marketing, distributing, promoting, advertising, showing, displaying, or otherwise using in any way, directly or indirectly, any product or service bearing or using the names, marks and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception.

(b) Pursuant to 15 U.S.C. § 1118 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants using or bearing the names, marks and words COSTAMAR TRAVEL(R), and all plates, molds, matrices and other means of making same, be delivered up and destroyed.

(c) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction directing that Defendants immediately (i) recall any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements or other promotional material, whether physical, digital or otherwise, using or bearing the names, marks and words COSTAMAR TRAVEL(R); and (ii) provide written notice of such injunction to all vendors, affiliates, partners, agents or employees who distribute, sell or in any manner provide travel agency services under the mark COSTAMAR TRAVEL(R) and further directing that Defendants, within twenty (20) days of the issuance of the Temporary Restraining Order and/or Preliminary Injunction, provide Plaintiffs and this Court with a full accounting in regard to their compliance with this notification Order.

(d) Directing Defendants to account to Plaintiffs for any and all current and past sales and profits derived by Defendants from the sale or distribution of travel agency or related services under the marks and words COSTAMAR TRAVEL(R).

(e) Awarding to Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

(f) Awarding to Plaintiffs punitive and exemplary damages against Nydia Pena.

(g) Awarding to Plaintiffs prejudgment interest as allowed by the Lanham Act.

(h) Awarding to Plaintiffs their costs of suit.

(i) Awarding to Plaintiffs reasonable attorney fees as authorized by the Lanham Act.

(j) Such other and further relief as this Court deems just.

## THIRD COUNT
### New Jersey Trademark Infringement N.J.S.A. 56:3-13.16
### The COSTAMAR and COSTAMAR TRAVEL Trademarks

60.     Plaintiff repeats and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-59 above.

61.     Pursuant to the New Jersey Trademark statute, N.J.S.A. 56:3-13.16(a)(1), liability is imposed for "[t]he use, without consent of the owner or designee, of any reproduction, counterfeit, copy, or colorable imitation of a mark in connection with the sale, distribution, offering for sale, or advertising in this State of any goods or services on or in connection with which the use is likely to cause confusion or mistake or to deceive as to the source of origin of the goods or services."

62.     Pursuant to the New Jersey Trademark statute, N.J.S.A. 56:3-13.16(a)(2), liability is imposed for "[t]he reproduction, counterfeiting, copying or colorable imitation of a mark and the application of a reproduction, counterfeit, copy or colorable imitation of a mark to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale or other distribution in this State of the goods or services."

63.     Defendants Nydia Pena and George Clavijo are liable for trademark infringement under New Jersey statute, N.J.S.A. 56:3-13.16, as violations of the equivalent provisions of the Lanham Act lead to a full finding of liability under the New Jersey Statute. Defendants are liable for infringement under the New Jersey Trademark statute by virtue of their acts as set forth within this Complaint.

64.     By reason of the acts by Defendants, as set forth above, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and good will and the loss of sales, revenues and profits that Plaintiffs would have made but for the acts of Defendants.

65.     Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to the irreparable damage to Plaintiffs. It would be difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate the parties for the injuries received and threatened.

**WHEREFORE**, Plaintiffs demand the entry of judgment against Defendants on the Third Count of the Complaint, providing as follows:

(a) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendants, enjoining and restraining them and all of their respective officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert with them or on their behalf, from (i) using, directly or indirectly, the names, mark and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark and words COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception; and (ii) selling, marketing, distributing, promoting, advertising, showing, displaying, or otherwise using in any way, directly or indirectly, any product or service bearing or using the names, marks and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception.

(b) Pursuant to 15 U.S.C. § 1118 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants using or bearing the names, marks and words COSTAMAR TRAVEL(R), and all plates, molds, matrices and other means of making same, be delivered up and destroyed.

(c) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction directing that Defendants immediately (i) recall any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements or other promotional material, whether physical, digital or otherwise, using or bearing the names, marks and words COSTAMAR TRAVEL(R); and (ii) provide written notice of such injunction to all vendors, affiliates, partners, agents or employees who distribute, sell or in any manner provide travel agency services under the mark COSTAMAR TRAVEL(R) and further directing that Defendants, within twenty (20) days of the issuance of the Temporary Restraining Order and/or Preliminary Injunction, provide Plaintiffs and this Court with a full accounting in regard to their compliance with this notification Order.

(d) Directing Defendants to account to Plaintiffs for any and all current and past sales and profits derived by Defendants from the sale or distribution of travel agency or related services under the marks and words COSTAMAR TRAVEL(R).

(e) Awarding to Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

(f) Awarding to Plaintiffs punitive and exemplary damages against Nydia Pena.

(g) Awarding to Plaintiffs prejudgment interest as allowed by the Lanham Act.

(h) Awarding to Plaintiffs their costs of suit.

(i) Awarding to Plaintiffs reasonable attorney fees as authorized by the Lanham Act.

(j) Such other and further relief as this Court deems just.

**FOURTH COUNT**

**<u>Unprivileged Imitation and Unfair Competition N.J.S.A. 56:4-1</u>**
**<u>The COSTAMAR and COSTAMAR TRAVEL Trademarks</u>**

66.      Plaintiff repeats and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-65 above.

67.      Pursuant to the New Jersey Unfair Competition statute, N.J.S.A. 56:4-1, "No merchant, firm or corporation shall appropriate for his or their own use a name, brand, trademark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

68.      The New Jersey statute prohibiting unprivileged imitation and unfair competition is the New Jersey State equivalent of the section of the Lanham Act pertaining to false designation of origin, and violation of that section of the Lanham Act leads to a full finding of liability under the New Jersey statute as a matter of law.

69.      Defendants Nyida Pena and George Clavijo are liable for unprivileged imitation under N.J.S.A. 56:4-1 by virtue of its acts as set forth within this Complaint.

70.      By reason of the acts by Defendants, as set forth above, Plaintiffs have suffered and will continue to suffer damage to their business, reputation and good will and the loss of sales, revenues and profits that Plaintiffs would have made but for the acts of Defendants.

71.      Defendants threaten to continue to do the acts complained of herein, and unless

restrained and enjoined, will continue to do so, all to the irreparable damage to Plaintiffs. It would be difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate the parties for the injuries received and threatened.

WHEREFORE, Plaintiffs demand the entry of judgment against Defendants on the Fourth Count of the Complaint, providing as follows:

(a) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendants, enjoining and restraining them and all of their respective officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert with them or on their behalf, from (i) using, directly or indirectly, the names, mark and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark and words COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception; and (ii) selling, marketing, distributing, promoting, advertising, showing, displaying, or otherwise using in any way, directly or indirectly, any product or service bearing or using the names, marks and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception.

(b) Pursuant to 15 U.S.C. § 1118 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants using or bearing the names, marks and words COSTAMAR TRAVEL(R), and all plates, molds, matrices and other means of making same, be delivered up and destroyed.

(c) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction directing that Defendants immediately (i) recall any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements or other promotional material, whether physical, digital or otherwise, using or bearing the names, marks and words COSTAMAR TRAVEL(R); and (ii) provide written notice of such injunction to all vendors, affiliates, partners, agents or employees who distribute, sell or in any manner provide travel agency services under the mark COSTAMAR TRAVEL(R) and further directing that Defendants, within twenty (20) days of the issuance of the Temporary Restraining Order and/or Preliminary Injunction, provide Plaintiffs and this Court with a full accounting in regard to their compliance with this notification Order.

(d) Directing Defendants to account to Plaintiffs for any and all current and past sales and profits derived by Defendants from the sale or distribution of travel agency or related services under the marks and words COSTAMAR TRAVEL(R).

(e) Awarding to Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

(f) Awarding to Plaintiffs punitive and exemplary damages against Nydia Pena.

(g) Awarding to Plaintiffs prejudgment interest as allowed by the Lanham Act.

(h) Awarding to Plaintiffs their costs of suit.

(i) Awarding to Plaintiffs reasonable attorney fees as authorized by the Lanham Act.

(j) Such other and further relief as this Court deems just.

**FIFTH COUNT**
**Common Law Trademark Infringement and Unfair Competition**
**The COSTAMAR and COSTAMAR TRAVEL Trademarks**

72.     Plaintiff repeats and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-71 above.

73.     By virtue of extensive and exclusive use of the trademarks COSTAMAR and COSTAMAR TRAVEL, by Costamar, the trademarks have become famous and distinctive, thereby vesting significant rights in Plaintiffs at common law in and to the marks.

74.     Defendant Nydia Pena and George Clavijo's infringing services and advertising contain imitations of these common law trademarks. Such unauthorized use by Defendants is likely to cause confusion and mistake in the minds of the trade and purchasing public as to the source of Defendants' services and to cause the purchasing public to believe that such services are authentic products of Costamar when, in fact, they are not.

75.     Defendants are improperly trading upon the reputation and goodwill of Costamar and are impairing the distinctiveness of Plaintiffs' valuable rights in and to such trademarks.

76.     Defendants' activities as aforesaid constitute willful and deliberate infringement of Plaintiffs' trademark rights at common law.

77.     Costamar's activities also constitute unfair competition with Costamar by creating a likelihood of confusion as to the source or sponsorship of Defendants' products and by misappropriating and trading upon the reputation and goodwill of Plaintiffs in the trademarks COSTAMAR and COSTAMAR TRAVEL, thereby injuring that reputation and goodwill and unjustly diverting from Costamar the benefits arising therefrom.

78.     Defendants' conduct as aforesaid has caused Costamar to sustain damage, loss and injury.

79.     Defendants' activities in using the aforesaid infringing marks constitute willful and deliberate infringement of Plaintiffs' trademarks rights at common law and also constitute unfair competition.

80.     Defendants have engaged and continue to engage in this activity knowingly and willfully, so as to justify the assessment of increased and punitive damages against them, in an amount to be determined at the time of trial.

81.     By reason of the acts by Defendants, as set forth above, Plaintiff has suffered damage to its business, reputation and good will and the loss of sales and profits Plaintiffs would have made but for the acts of Defendants.

82.     Defendants threaten to continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to the irreparable damage to Plaintiffs. It would be difficult to ascertain the amount of compensation that could afford Plaintiffs adequate relief for such continuing acts, and a multiplicity of judicial proceedings would be required. Plaintiffs' remedy at law is not adequate to compensate the parties for the injuries received and threatened.

**WHEREFORE**, Plaintiffs demand the entry of judgment against Defendants on the Fifth Count of the Complaint, providing as follows:

(a) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against Defendants, enjoining and restraining them and all of their respective officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert with them or on their behalf, from (i) using, directly or indirectly, the names, mark and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark and words COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception; and (ii) selling, marketing, distributing, promoting, advertising, showing, displaying, or otherwise using in any way, directly or indirectly, any product or service bearing or using the names, marks and words COSTAMAR TRAVEL(R), or any other mark, word, or name similar to the mark

COSTAMAR TRAVEL(R), which are likely to or may cause confusion, mistake or deception.

(b) Pursuant to 15 U.S.C. § 1118 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction ordering that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of Defendants using or bearing the names, marks and words COSTAMAR TRAVEL(R), and all plates, molds, matrices and other means of making same, be delivered up and destroyed.

(c) Pursuant to 15 U.S.C. § 1116 and the powers granted to the Court therein, the entry of a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction directing that Defendants immediately (i) recall any and all labels, signs, prints, packages, wrappers, receptacles, and advertisements or other promotional material, whether physical, digital or otherwise, using or bearing the names, marks and words COSTAMAR TRAVEL(R); and (ii) provide written notice of such injunction to all vendors, affiliates, partners, agents or employees who distribute, sell or in any manner provide travel agency services under the mark COSTAMAR TRAVEL(R) and further directing that Defendants, within twenty (20) days of the issuance of the Temporary Restraining Order and/or Preliminary Injunction, provide Plaintiffs and this Court with a full accounting in regard to their compliance with this notification Order.

(d) Directing Defendants to account to Plaintiffs for any and all current and past sales and profits derived by Defendants from the sale or distribution of travel agency or related services under the marks and words COSTAMAR TRAVEL(R).

(e) Awarding to Plaintiffs treble the amount of actual damages suffered by Plaintiffs.

(f) Awarding to Plaintiffs punitive and exemplary damages against Nydia Pena.

(g) Awarding to Plaintiffs prejudgment interest as allowed by the Lanham Act.

(h) Awarding to Plaintiffs their costs of suit.

(i) Awarding to Plaintiffs reasonable attorney fees as authorized by the Lanham Act.

(j) Such other and further relief as this Court deems just.

Dated: Hoboken, NJ
July 26, 2023

Respectfully submitted,

/s/ John P. Fazzio, Esq.
JOHN P. FAZZIO ESQ. (JF1752)
305 Broadway, 7th Floor
New York, NY 10007
Phone: (201) 529-8024
Fax: (201) 529-8011
Email: jfazzio@fazziolaw.com
*Attorneys for Plaintiff, Costamar Travel Cruise & Tours, Inc.*

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Plaintiff Costamar hereby appoints John P. Fazzio, Esq. of the law firm of Fazzio Law

Offices, LLC, a New Jersey Limited Liability Company, as their trial counsel in this matter.

Dated: Hoboken, NJ
      July 26, 2023

                             Respectfully submitted,

                             <u>/s/ John P. Fazzio, Esq.</u>
                             JOHN P. FAZZIO ESQ. (JF1752)
                             305 Broadway, 7th Floor
                             New York, NY 10007
                             Phone: (201) 529-8024
                             Fax: (201) 529-8011
                             Email: jfazzio@fazziolaw.com
                             *Attorneys for Plaintiff, Costamar Travel*
                             *Cruise & Tours, Inc.*

### ATTORNEY STATEMENT PURSUANT TO LOCAL RULE 201.1(d)(3)

Pursuant to Local Rule 201.1(d)(3), the undersigned, attorney of record for Plaintiff Costamar, a New Jersey corporation, hereby certifies and declares that the damages recoverable by Plaintiffs in this action exceed the sum of $150,000.00, exclusive of interest and costs of suit, and of any claim for punitive, exemplary or treble damages.

I hereby declare under penalty of perjury that the foregoing statements are true and correct pursuant to 28 U.S.C. § 1746.

Dated: Hoboken, NJ
      July 26, 2023

Respectfully submitted,

/s/ John P. Fazzio, Esq.
JOHN P. FAZZIO ESQ. (JF1752)
305 Broadway, 7th Floor
New York, NY 10007
Phone: (201) 529-8024
Fax: (201) 529-8011
Email: jfazzio@fazziolaw.com
*Attorneys for Plaintiff, Costamar Travel Cruise & Tours, Inc.*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I hereby certify that the within matter in controversy is not the subject of any other action pending in any other court or of any pending arbitration or administrative proceeding.

Dated: Hoboken, NJ
July 26, 2023

Respectfully submitted,

<u>/s/ John P. Fazzio, Esq.</u>
JOHN P. FAZZIO ESQ. (JF1752)
305 Broadway, 7th Floor
New York, NY 10007
Phone: (201) 529-8024
Fax: (201) 529-8011
Email: jfazzio@fazziolaw.com
*Attorneys for Plaintiff, Costamar Travel*
*Cruise & Tours, Inc.*