**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | No. 3:23-cv-3995<br><br>**NOTICE OF MOTION FOR**<br>**DEFAULT JUDGMENT**<br><br>**MOTION DATE: May 10, 2024** |

   **PLEASE TAKE NOTICE** pursuant to Federal Rule of Civil Procedure ("FRCP") 55(b) and

NJ Civil Procedure § 4:43-2(b) Costamar Travel Cruise & Tours, Inc. ("Costamar"), the Plaintiff will

move on **May 10, 2024** or soon thereafter at the Clarkson S. Fisher Building & U.S. Courthouse, 402

East State Street, Trenton, New Jersey 08608, for a final default judgment against Defendants Nydia

Pena ("Pena") and George Clavijo ("Clavijo") for failure to plead or otherwise defend against this

action in a timely manner, awarding Plaintiff: (a) statutory damages of $300,000 against Pena and

Clavijo jointly and severally; (b) a permanent injunction against Pena and Clavijo enjoining them

from using the COSTAMAR or COSTAMAR TRAVEL trademark or any other reproduction,

counterfeit, copy or colorable imitation thereof in connection with the promotion, advertisement,

display, sale, offer for sale, manufacture, production or distribution of any goods or services and from

engaging in other related acts; and (c) attorneys' fees in the amount of $15,207.

PLEASE TAKE FURTHER NOTICE, that in support of this motion, Plaintiff shall rely on the accompanying Declaration of John P. Fazzio, Esq. with supporting exhibits and the accompanying Memorandum of Law in Support of Plaintiff's Motion for a Default Judgment.

A proposed form of judgment is attached.

Dated: Hoboken, New Jersey
      April 7, 2024

**FAZZIO LAW OFFICES**
*Attorneys for Respondents*

By: /s/ John P. Fazzio
JOHN P. FAZZIO, ESQ. (JF1752)

Dated: April 8, 2024

**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | No. 3:23-cv-3995<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT**

---

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ……………………………………………………iii

I.     BACKGROUND ……………………………………………………………1

    A.  PROCEDURE AND RELIEF REQUESTED …………………….…..…..1

    B.  THE COMPLAINT ……………………………………………….…..…..2

II.    LEGAL STANDARD …………………………………………….……5

III.   LEGAL ARGUMENT ……………………………………………..….…6

    A.  PROOF OF SERVICE …………………………………………….…..6

    B.  JURSIDICTION ……………………………………………………....7

    C.  LIABILITY ……………………………………………………..…...8

        1.  Count One – Trademark Infringement and False Designation ………..……...9

        2.  Count Two – Trademark Dilution .....………………………….…….11

        3.  Count Three, Four and Five – State Legal Counterparts ………………...12

    D.  DEFAULT JUDGMENT FACTORS ……………………………...13

    E.  REMEDIES …………………………………………………….…...15

        1.  Statutory Damages …………………………………………………16

        2.  Injunctive Relief ……………………………………………….…19

        3.  Attorneys' Fees ……………………………………………………...20

    F.  CONCLUSION ……………………………………………………22

## TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.,*
237 F.3d 198 (3d Cir. 2000)……………………………………………………………...9, 10

*AARP v. Sycle,*
991 F. Supp. 2d 224 (D.D.C. 2013)……………………………………………..…………16

*Allaham v. Naddaf,*
635 F. App'x 32 (3d Cir. 2015)……………………………………………………………....2

*Am. Registry of Radioloigic Technologists v. Sisk,*
No. 14-6403, 2015 U.S. Dist. LEXIS 32500 (D.N.J. Mar. 17, 2015)…………..……………..21

*Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.,*
596 F. Supp. 2d 842 (D.N.J. 2008)…………………………………………………………..9

*Bethanie L. Mattek, LLC v. Donnay USA Ltd,*
No. 13-6188, 2016 U.S. Dist. LEXIS 151633 (D.N.J.  Nov.  1, 2016)……..…………………21

*Burger King Corp. v. Rudzewicz,*
471 U.S. 462, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)……………………………………….8

*Buying For The Home, LLC v. Humble Abode, LLC,*
459 F. Supp. 2d 310 (D.N.J. 2006)……………………………………..……………………..13

*Chanel, Inc. v. Gordashevsky,*
558 F. Supp. 2d 532 (D.N.J. 2008)………………………………………….…..……..5, 6, 10, 15, 16

*Coach, Inc. v. Ocean Point Gifts,*
No. 09-4215, 2010 U.S. Dist. LEXIS 59003 (D.N.J. June 14, 2010)………..………………10, 20

*Comdyne I, Inc. v. Corbin,*
908 F.2d 1142 (3d Cir. 1990)……………………………………………….……………...6, 15

*Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc.,*
214 F.3d 432 (3d Cir. 2000)………………………………………………………………….9

*Crocs, Inc. v. Dr Leonard's Healthcare Corp.,*
No. 21-13583, 2022 U.S. Dist. LEXIS 156547 (D.N.J. Aug. 30, 2022)……...7, 10, 13, 14, 16, 18

*Daimler AG v. Bauman,*
571 U.S. 117, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014)…………………………….……….8

*Days Inns Worldwide, Inc. v. Jinisha Inc.,*
No. 14-6794, 2015 U.S. Dist. LEXIS 96513 (D.N.J. July 24, 2015)…………………………..6

*Delta Air Lines, Inc. v. Fly Tech, LLC,*
No. 16-2599, 2018 U.S. Dist. LEXIS 53008 (D.N.J. Mar. 29, 2018)………………...…...16, 18

*Directv, Inc. v. Asher,*
No. 03- 1969, 2006 U.S. Dist. LEXIS 14027 (D.N.J. Mar. 14, 2006)…………………………6, 8

*Doe v. Simone*,
No. 12-5825, 2013 U.S. Dist. LEXIS 99535 (D.N.J. July 17, 2013)……………………2, 15, 16

*Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*,
250 F.R.D. 171 (D.N.J. 2008)………………………………………………….………….……14

*eBay, Inc. v. MercExchange, LLC,*
547 U.S. 388, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)……………………….……………..19

*Emcasco Ins. Co. v. Sambrick,*
834 F.2d 71 (3d Cir. 1987)………………………………….……………………………………..14

*Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd*.,
No. 17- 5358, 2018 U.S. Dist. LEXIS 35881 (D.N.J. Mar. 6, 2018)…………………….…...13

*Fisons Horticulture, Inc. v. Vigoro Indus., Inc.,*
30 F.3d 466 (3d Cir. 1994)……………………………………………………………….…...10

*Ford Motor Co. v. Summit Motor Prods., Inc.,*
930 F.2d 277 (3d Cir. 1991)…………………………………………………………...…….10

*G6 Hosp. Franchising LLC v. HI Hotel Grp., LLC,*
No, 11-2176, 171 F. Supp. 3d 340 (M.D. Pa. Mar. 22, 2016)……………………..…………..22

*Gold Kist, Inc. v. Laurinburg Oil Co.,*
756 F.2d 14 (3d Cir. 1985)………..…………………………………………………5, 7

*Gowan v. Cont 'l Airlines, Inc.,*
No. 10-1858, 2012 U.S. Dist. LEXIS 95135 (D.N.J. July 9, 2012)………………..…………14

*HICA Educ. Loan Corp. v. Surikov,*
No. 14-1045, 2015 U.S. Dist. LEXIS 7054 (D.N.J. Jan. 22, 2015)……………….…..……….7

*Hritz v. Woma Corp.,*
732 F.2d 1178 (3d Cir. 1984)………………..…………………………………………5, 6

*InnovAsian Cuisine Enters. v. Innovasian Taco,*

No. 19-16296, 2020 U.S. Dist. LEXIS 123344 (D.N.J. July 14, 2020)…………...…………..17

*Interpace Corp. v. Lapp, Inc.,*
721 F.2d 460 (3d Cir. 1983)……………………………………………………...……………10

*Joe Hand Promotions, Inc. v. Waldron,*
No. 11-849, 2013 U.S. Dist. LEXIS 34567 (D.N.J. Mar. 13, 2013)……………...…………...16

*La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC,*
543 F. Supp. 2d 359 (D.N.J. 2008)………………………………………….………….8

*La Fabril, S.A. v. Mi Tierra Foods, LLC,*
No. 21-18150, 2021 U.S. Dist. LEXIS 242132 (D.N.J. Dec. 20, 2021)……...………11, 14, 18, 20

*Levinson Axelrod, P.A. v. Heyburn,*
No. 09-5627, 2010 U.S. Dist. LEXIS 43391 (D.N.J. May 3, 2010)………………...………...…13

*Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp.,*
No. 20-10536, 2021 U.S. Dist. LEXIS 94465 (D.N.J. May 18, 2021)…………...…………5, 7, 14

*Louis Vuitton Malletier, S.A. v. Mosseri,*
No. 07-2620, 2009 U.S. Dist. LEXIS 100851 (D.N.J. Oct, 28, 2009)……………...……………20

*Mark IV Transp. & Logistics v. Lightning Logistics, Inc.,*
705 F. App'x 103 (3d Cir. 2017)…………………………………………………...……………..5

*MaxLite, Inc. v. ATG Elecs., Inc.,*
193 F. Supp. 3d 371 (D.N.J. 2016)…………………………………………………….………..8

*Mister Softee, Inc. v. Omar,*
No. CV 23-3845, 2023 U.S. Dist. LEXIS 182646 (D.N.J. Oct. 11, 2023)………..…………..21

*N.V.E., Inc. v. Day,*
No. 07-4283, 2009 U.S. Dist. LEXIS 72934 (D.N.J. Aug. 18, 2009)…………………………13

*Opticians Ass'n of Am. v. Indep. Opticians of Am.,*
920 F.2d 187 (3d Cir. 1990)…………………………………………………………………20

*Pappan Enters., Inc. v. Hardee's Food Sys., Inc.,*
143 F.3d 800 (3d Cir. 1998)…………………….………………………………………20

*Piquante Brands Int'l, Ltd. v. Chloe Foods Corp.,*
No. 08-4248, 2009 U.S. Dist. LEXIS 50557 (D.N.J. June 16, 2009)………………………17, 21

*Polidoro v. Saluti,*
675 F. App'x. 189 (3d Cir. 2017)……………………………………………………...…2

*Prudential Ins. Co. of Am. v. Taylor,*
No. 08-2108, 2009 U.S. Dist. LEXIS 16531 (D.N.J. Feb. 27, 2009)…………………….....….15

*Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C.,*
No. 08-3452, 2008 U.S. Dist. LEXIS 63600 (D.N.J. July 31, 2008)……………………..……..7

*Rutt's Hut, Inca v. Mutt's Hut Int'l,*
No. 11-1350, 2011 U.S. Dist. LEXIS 77612 (D.N.J. July 18, 2011)……………………...…….22

*Securacomm Consulting, Inc. v. Securacom, Inc.,*
224 F.3d 273 (3d Cir. 2000)………………………………………………………....…………20

*Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.,*
No. 11-624, 2011 U.S. Dist. LEXIS 115142 (D.N.J. Oct. 5, 2011)………………..…………6, 14

*Tri- Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp.,*
No. 20-9537, 2021 U.S. Dist. LEXIS 75537 (D.N.J. Apr. 20, 2021)………………6, 8, 14, 18, 19

*Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc.,*
No. 08-2782, 2009 U.S. Dist. LEXIS 100055 (D.N.J. Oct. 27, 2009)………………...….…...15

*United States v. $55,518.05 in US. Currency,*
728 F.2d 192 (3d Cir. 1984)………..….…………………………………………………….……5

*World Ent., Inc. v. Brown,*
No. 09-5365, 2011 U.S. Dist. LEXIS 55182 (E.D. Pa. May 20, 2011)………………...….……..21

*Zinn v. Seruga,*
No. 05-3572, 2009 U.S. Dist. LEXIS 89915 (D.N.J. Sept. 28, 2009)………………..……….13

**Statutes**

15 U.S.C. § 1114………………………………………………………………….………8, 9

15 U.S.C. § 1116………………………………………………………………………….1, 19

15 U.S.C. § 1117(a)-(c)……………………………………………………………………..16, 20

15 U.S.C. § 1117(d)…………………………………………………………………..…….....1

15 U.S.C. § 1118……………………………………………………………………….....…..1

15 U.S.C. § 1121(a)………………………………………………………….……………..8

15 U.S.C. § 1125(a)………………………………………………………………………..8

15 U.S.C. § 1125(c)……………………………………………………………………11, 12

15 U.S.C. § 1331…………………………………………………………………..……8

15 U.S.C. § 1338(a…………………………………………………………………..……8

28 U.S.C. § 1367……………………………………………………………………..…….8

N.J.S.A. 56:3-13.16……………………………………………………………………12, 13

N.J.S.A. § 56:4-1……………………………………………………………..……12, 13

N.J.S.A. § 56:4-2…………………………………………………………………12, 13

**Other Authorities**

Fed. R. Civ. P. 4(e)……………………………………………………………….……6, 8

Fed. R. Civ. P. 4(h)……………………………………………………………..……8

Fed. R. Civ. P. 55(a)…………………………………………………………………..….2

Fed. R. Civ. P. 55(b)………………………………………………………………2, 5, 15

N.J. Ct. R. 4:4-4(a)……………………………………………………………………..8

N.J. R. Civ. P. § 4:43-2 (b)………………………………………………………………1

## I.    **BACKGROUND**

### A.  **PROCEDURE AND RELIEF REQUESTED**

Plaintiff Costamar Travel Cruise & Tours, Inc. ("Costamar") respectfully moves the Court to enter default judgments against Defendants Nydia Pena and George Clavijo pursuant to Fed. R. Civ. P. 55(b)(2) and NJ R. Civ. P. § 4:43-2 (b).

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Costamar now moves this Court for an Order entering default judgment finding that Defendants are liable on all counts of Cotamar's Complaint. Fed. R. Civ. P. 55(b)(2). Costamar further seeks an award of statutory damages as authorized by Lanham Act, 15 U.S.C. § 1116 and 15 U.S.C. § 1118 for willful trademark infringement against Defendants Nydia Pena and George Clavijo in the amount of $300,000 per Defendant for each of the Defendants' tortious actions of advertising, distributing and selling under Costamar's protected trademarks by using the trademark COSTAMAR registered in the United States of America under registration number 1,980,398 and COSTAMAR TRAVEL registered in the United States under registration number 2,797,123 (hereinafter the "Protected Marks") on their website in order to promote their services pursuant to 15 U.S.C. §1117(d).

Costamar also seeks entry of a permanent injunction prohibiting Defendants Nydia Pena and George Clavijo from selling products containing the Protected Marks.

This action commenced on July 26, 2023. (Docket No. 1). Service was effectuated on August 28, 2023, on Defendants George Clavijo and Nydia Pena, and conforming Certificates of Service were uploaded to the docket. (Docket Nos. 4-5). Defendants failed to timely appear and to date have not entered any appearance in this case or otherwise responded to the complaint. A Request for Clerk's Entry of Default was submitted and uploaded to the docket. (Docket No. 6).

The Clerk's Entry of Default was entered on November 29, 2023, for failure to plead or otherwise defend the action. (Docket No. 7).

To obtain a default judgment pursuant to Federal Rule of Civil Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015); Doe v. Simone, No. 12-5825, 2013 U.S. Dist. LEXIS 99535, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." Id. Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R. Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." Polidoro v. Saluti, 675 F. App'x. 189, 190 (3d Cir. 2017); Doe v. Simone, No. 12-5825, 2013 U.S. Dist. LEXIS 99535, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

### B.  THE COMPLAINT

The Complaint alleged, that the Defendants violated the Plaintiff's Protected Marks by advertising and displaying the Plaintiff's Protected Marks, and thereby infringing upon them, in order to sell competitive travel agent services at their locations in Toms River, Brick, and Freehold. Complaint, ¶¶ 18-19. The Complaint further alleged, that the Defendants' prior authorization to use the Protected Marks was revoked on or about March 5, 2012, and Plaintiff informed Defendants of the revocation of authorization to use the Protected Marks and removed the Defendants from Plaintiff's Amadeus booking system. Complaint, ¶¶ 20-22. On or about March 20, 2012, Plaintiffs served Defendants with a Cease-and-Desist Letter advising that the use of the

name Costamar, and any further use of the Protected Marks, should immediately stop, and that any authority previously given to act as an agent for Costamar was terminated effective immediately. Complaint, ¶ 23.

Despite Plaintiff's actions to stop the infringing use of the Protected Marks, Defendant Nydia Pena continued to operate under the Plaintiff's name and logo (Complaint, ¶ 24), failed to remove the installed signage on the locations where the Protected Marks were displayed (Complaint, ¶ 25), and continues to hold herself out as an Owner of Costamar Travel of Freehold, despite the termination of authorization to use the Protected Marks for over a decade (Complaint, ¶ 26).

Indeed, as of the date of this writing, and despite being served with the Complaint in this matter, Defendant, Nydia Pena still holds herself out as "CEO at COSTAMAR TRAVEL FREEHOLD/NJ" on her LinkedIn Profile, maintains a Google Listing for "Costamar Travel of Freehold," and both Nydia Pena and her husband, George Clavijo, maintain "Costamar Travel" signage at multiple locations which infringes upon both of the Protected Marks and violates Plaintiff's rights therein.





# Costamar Travel Of Freehold

4.1 ★★★★☆ 30 Google reviews  

Travel agency in Freehold Borough, New Jersey

Directions    Save    Call

**Address:** 52 Throckmorton St, Freehold, NJ 07728

**Hours:** Closed · Opens 9:30 AM Mon ▾

**Phone:** (732) 431-4588





4



## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 permits a party to apply for, and the court to enter, default judgment against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55(b)(2). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits . . . .'" Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (*quoting* Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984)). "Because the entry of a default judgment prevents the resolution of claims on the merits, 'this Court does not favor entry of defaults and default judgments.'" Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp., No. 20-10536, 2021 U.S. Dist. LEXIS 94465, 2021 WL 1976700, at *2 (D.N.J. May 18, 2021) (*quoting* United States v. $55,518.05 in US. Currency, 728 F.2d 192, 194 (3d Cir. 1984)).

Before entering a default judgment pursuant to Rule 55(b), a court performs a thorough analysis of the plaintiff's claims and entitlement to relief. First, the defendant must have been properly served. *See* Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). Second, the court must have subject matter jurisdiction over the dispute and personal jurisdiction over the parties. *See* Mark IV Transp. & Logistics v. Lightning Logistics, Inc., 705 F. App'x 103, 108 (3d

Cir. 2017). Third, the complaint must sufficiently state a cause of action. See Chanel, Inc., 558 F.

Supp. 2d at 536 (D.N.J. 2008) (*citing* Directv, Inc. v. Asher, No. 03- 1969, 2006 U.S. Dist. LEXIS

14027, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). Fourth, the court must weigh the three

default judgment factors: (1) whether the party subject to the default has a meritorious defense, (2)

whether the party seeking default would be prejudiced without it, and (3) whether the default

resulted from the defendant's culpable conduct. Tri- Union Seafoods, LLC v. Ecuatorianita Imp.

& Exp. Corp., No. 20-9537, 2021 U.S. Dist. LEXIS 75537, 2021 WL 1541054, at *7 (D.N.J. Apr.

20, 2021) (citing Days Inns Worldwide, Inc. v. Jinisha Inc., No. 14-6794, 2015 U.S. Dist. LEXIS

96513, 2015 WL 4508413, at *2 (D.N.J. July 24, 2015)). Finally, the plaintiff must have proven

damages. *See* Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III.    LEGAL ARGUMENT

### A.  PROOF OF SERVICE

A court may only enter default judgment against defendants who were properly served.

Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 U.S. Dist.

LEXIS 115142, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (citing Gold Kist, Inc. v.

Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985)). An individual may be served by

"delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ.

P. 4(e)(2)(A).

Plaintiff adequately served both Defendants to this action. Nydia Pena was served

personally on August 28, 2023, and confirmed her identity to the process server. (*See* ECF No. 4).

George Clavijo was served personally on August 28, 2023, and confirmed his identity to the

process server. (*See* ECF No. 5). These are the only Defendants to this action. Since being served

with the summons and complaint, neither Defendant has filed an appearance, answered the

Complaint, or otherwise engaged in the litigation process. Thus, the threshold question for entering default judgment is met here. *See* Loc. 365 Pension Fund v. Kaplan Bros. Blue Flame Corp., No. 20-10536, 2021 U.S. Dist. LEXIS 94465, 2021 WL 1976700, at *3 (D.N.J. May 18, 2021) (*citing* Gold Kist, Inc., 756 F.2d at 18-19).

### B. JURISDICTION

Before entering default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." HICA Educ. Loan Corp. v. Surikov, No. 14-1045, 2015 U.S. Dist. LEXIS 7054, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (*quoting* Ramada Worldwide Inc. v. Benton Harbor Hari Ohm, L.L.C., No. 08-3452, 2008 U.S. Dist. LEXIS 63600, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

Here, the Court has subject matter jurisdiction over all counts of the Complaint. Counts One (trademark infringement) and Two (trademark dilution) allege violations of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). (Compl. ¶¶ 32-59). The Court's subject matter jurisdiction over such federal infringement claims is well established. See 28 U.S.C. §§ 1331, 1338(a); 15 U.S.C. § 1121(a) ("The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.").

Because Plaintiff's New Jersey and common law claims for unfair competition in Counts Three, Four and Five, (Compl. ¶¶ 60-82), arise from the same case or controversy as the federal trademark claims, the Court may exercise supplemental jurisdiction over those claims as well. 28 U.S.C. § 1367; see also Crocs, Inc. v. Dr Leonard's Healthcare Corp., No. 21-13583, 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858, at *2 (D.N.J. Aug. 30, 2022) (finding subject matter jurisdiction in trademark infringement case "because the complaint asserts federal trademark

claims and related state law claims over which the Court may exercise supplemental jurisdiction"); Tri-Union Seafoods, LLC v. Ecuatorianita Imp. & Exp. Corp., No. 20-9537, 2021 U.S. Dist. LEXIS 75537, 2021 WL 1541054, at *3 (D.N.J. Apr. 20, 2021) (same).

The Court has personal jurisdiction over both Defendants. Defendant, Nydia Pena is a New Jersey resident who resides at 52 Throckmorton Street, Freehold, NJ 07228. (Compl. ¶ 8). Defendant, George Clavijo is a New Jersey resident who resides at 2791 Hooper Avenue,  Brick, NJ 08723. (Compl. ¶ 9). Because Pena and Clavijo are both New Jersey residents, (Compl. ¶¶ 8-9), the Court has personal jurisdiction over them. Daimler AG v. Bauman, 571 U.S. 117, 137, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (noting that an individual's "domicile" is "the paradigm forum for the exercise of general jurisdiction").

Additional bases for the exercise of jurisdiction over the individual Defendants include: (a) the fact that they were personally served in New Jersey. *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(h)(1)(A); N.J. Ct. R. 4:4-4(a); and (b) Defendants' sales of infringing services to New Jersey customers from their New Jersey locations (Compl. ¶¶ 11, 19, 24-31, 51-52, 56, 63, and 75). *See* MaxLite, Inc. v. ATG Elecs., Inc., 193 F. Supp. 3d 371, 384 (D.N.J. 2016) ("Specific jurisdiction requires that the defendant 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities.'" (*citing* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985))).

### C.  LIABILITY

Before entering default judgment, the Court must determine whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." La. Counseling & Fam. Servs., Inc. v. Makrygialos, LLC, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (*quoting* Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS

14027, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)); *see also* Animal Science Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp., 596 F. Supp. 2d 842, 848 (D.N.J. 2008) ("A litigant's failure to state a claim upon which relief may be granted . . . prevents the presiding court from entering a default judgment."). Similar to what is required of a complaint to survive a motion to dismiss for failure to state a claim, a plaintiff must "establish[] that the essential elements of the pleaded claims are present and state[] factual allegations in support of these elements." Animal Science Prods., Inc., 596 F. Supp. 2d at 848.

### 1. Count One – Trademark Infringement and False Designation of Origin

Counts One of the Complaint allege two violations of the Lanham Act: trademark infringement in violation of 15 U.S.C. § 1114 and false designation of origin in violation of 15 U.S.C. § 1125(a), (Complaint. ¶¶ 32-48). The elements of the claims contained in Count One are identical. *See* A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc., 237 F.3d 198, 210 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards."). Proving either violation under the Lanham Act requires a plaintiff to show that "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion." Id. at 210 (*citing* Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc., 214 F.3d 432, 437 (3d Cir. 2000)). Courts within this District routinely enter default judgment against Defendants on similar infringement claims under the Lanham Act and state law.

All three elements are met here. For the first two elements, Plaintiff has established that it owns a "valid and legally protectable mark" in COSTAMAR and COSTAMAR TRAVEL (Compl. ¶¶ 12-15.) A & H Sportswear, Inc., 237 F.3d at 210. The first two elements are met when "the mark has been registered" and "has been in continuous use for five consecutive years," and "there

has been no adverse decision concerning the registrant's ownership or right to registration." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (*citing* Fisons Horticulture, Inc. v. Vigoro Indus., Inc., 30 F.3d 466, 472 n.7 (3d Cir. 1994)). Plaintiffs use of the COSTAMAR mark since 1994 and the COSTAMAR TRAVEL mark since 2002 (Comp. ¶ 13) has been "extensive and continuous." (Compl. ¶¶ 12-15). The United States Patent and Trademark Office issued a mark for COSTAMAR on August 18, 1996, under Registration Number 1,980,398. (Id. ¶ 12, 33, 41) and for COSTAMAR TRAVEL on December 23, 2003, under Registration Number 2,797,123 (Id.). This constitutes "prima facie evidence of the validity and ownership of a disputed mark" sufficient to meet Plaintiffs burden. Coach, Inc. v. Ocean Point Gifts, No. 09-4215, 2010 U.S. Dist. LEXIS 59003, 2010 WL 2521444, at *2 (D.N.J. June 14, 2010); *see also* Crocs, Inc. v. Dr Leonard's Healthcare Corp., No. 21-13583, 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858, at *3 (D.N.J. Aug. 30, 2022).

Additionally, Plaintiff has pled that Defendants' "use of the mark to identify goods or services causes a likelihood of confusion." A & H Sportswear, Inc., 237 F.3d at 210. A "likelihood of confusion" exists "when consumers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 292 (3d Cir. 1991) (citation and quotation marks omitted). When two products "directly compete with each other, a court 'need rarely look beyond the mark itself to determine the likelihood of confusion." A & H Sportswear, Inc., 237 F.3d at 211 (*quoting* Interpace Corp. v. Lapp, Inc., 721 F.2d 460 (3d Cir. 1983)).

Here, Plaintiff claims that Defendants are selling a product and service (travel agency services, making registrations and bookings for transportation, and car rental services, and making

hotel reservations and bookings for temporary lodging) identical to the product and service Plaintiff sells in the United States, except that only Plaintiff holds the mark for sales in the United States. The Complaint alleges that Defendants use the identical COSTAMAR mark in connection with the sale of identical products and services, and also use other confusingly similar derivatives such as Costa Y Mar Services, that are phonetically identical. (Compl. ¶¶ 24-31, 51-52, 75-76). Therefore, Plaintiff has adequately established the likelihood of confusion. *See* La Fabril, S.A. v. Mi Tierra Foods, LLC, No. 21-18150, 2021 U.S. Dist. LEXIS 242132, 2021 WL 6010374, at *4 (D.N.J. Dec. 20, 2021) (finding likelihood of confusion because the infringing product "bears the exact same mark" and "is used on the same good, vegetable oil, since it is a relabeled product").

### 2. Count Two – Trademark Dilution

Count Two of the Complaint alleges trademark dilution in violation of 15 U.S.C. § 1125(c). To establish a claim for dilution under the Lanham Act, a plaintiff must show the following: (i) its mark is famous; (ii) the defendant is making commercial use in interstate commerce of the mark or trade name; (iii) the defendant began use after the mark became famous; and (iv) the defendant's use is likely to cause dilution. 15 U.S.C. § 1125(c)(1). As in the other trademark infringement claims, the statute requires that the accused marks be "used in commerce." Defendants used the marks "in commerce" by advertising and promoting goods and services bearing the accused marks—namely, they held themselves out to the public as "Costamar," "Costamar Travel," and "Costa Y Mar Services," (Compl. ¶¶ 25-27), in order to capitalize on Plaintiff's goodwill and advertising, and held themselves out falsely as doing business under Plaintiff's brand, freely benefiting from Plaintiff's advertising and goodwill, while diverting business and selling travel-related services to competitors like Florida Best, after customers called based on Costamar's name and reputation (Compl. ¶¶ 19, 29-31), and made commercial use in interstate commerce of the

Protected Marks in connection with the same products and services offered by the Plaintiff (travel reservations, hotel bookings, car rental services and travel planning), thereby diluting the Protected Marks and blurring the unique association of consumers (Compl. ¶ 51-52, 56).

All of the elements of trademark dilution are met here. As to the first and second elements, the marks are famous in the area of travel-related services, because Plaintiff has sold travel-related services under these marks from 30 offices, 20 of which are in the United States, over a span of more than 25 years (Compl. ¶¶ 15, 37) and has become famous in the industry for quality travel agency services. (Compl. ¶ 39, 40, 44-45, 48). As noted above, Defendant has traded on this fame and goodwill by selling goods and services under the COSTAMAR and COSTAMAR TRAVEL banner for more than a decade, openly infringing on Plaintiff's Protected Marks, and thereby diluting their value in the marketplace. (Compl. ¶¶ 25-31). As to the third element, all of this infringement occurred subsequent to 2012, whereas the marks have been used consistently, exclusively, and continuously by Plaintiff since 1996 and 2003, respectively. Finally, as to the fourth element, the false use by Defendants of the Protected Marks is likely to cause dilution.

### 3. Count Three, Four and Five – State Law Counterparts

Counts Three, Four, and Five of the Complaint allege unfair competition in violation of New Jersey state statutes and common law. Count Three of the Complaint alleges violations of the New Jersey Trademark Infringement Act, N.J.S.A. 56:3-13.16 (Complaint. ¶¶ 60-65), Count Four of the Complaint alleges violations of the New Jersey Unfair Competition, N.J.S.A. 56:4-1(Complaint. ¶¶ 66-71), and Count Five of the Complaint alleges common law unfair competition (Complaint. ¶¶ 72-82).

It is well established that the elements for an unfair competition claim under the New Jersey Unfair Competition Law and the common law are identical to those under the Lanham Act.

"Because the elements of a claim of unfair competition under the Lanham Act are the same as for claims of unfair competition and trademark infringement under New Jersey statutory and common law, the Court's [Lanham Act analysis] extends to Plaintiffs state law claims as well." Buying For The Home, LLC v. Humble Abode, LLC, 459 F. Supp. 2d 310, 317 (D.N.J. 2006)); *see also* Emerson Radio Corp. v. Emerson Quiet Kool Co. Ltd., No. 17- 5358, 2018 U.S. Dist. LEXIS 35881, 2018 WL 1169132, at *3 (D.N.J. Mar. 6, 2018) ("The pleading standards are the same for trademark infringement and unfair competition claims under state and federal law."); Crocs, Inc., 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858, at *3 (same). For the same reasons that the Court should find that Plaintiff has adequately pled its infringement claims under the Lanham Act, it should also find that the Plaintiff has likewise pled infringement claims under the New Jersey Unfair Competition Law and common law.

Courts in this district have found liability under federal law to be sufficient to establish liability under state law. *See* Levinson Axelrod, P.A. v. Heyburn, No. 09-5627, 2010 U.S. Dist. LEXIS 43391, 2010 WL 1816245, at *3 (D.N.J. May 3, 2010); Zinn v. Seruga, No. 05-3572, 2009 U.S. Dist. LEXIS 89915, 2009 WL 3128353, at *27-28 (D.N.J. Sept. 28, 2009); N.V.E., Inc. v. Day, No. 07-4283, 2009 U.S. Dist. LEXIS 72934, 2009 WL 2526744, at *2 (D.N.J. Aug. 18, 2009). Because Plaintiff has established defendants' liability for its federal claims, Plaintiff has also established trademark counterfeiting under N.J.S.A. § 56:3-13.16 and unfair competition under N.J.S.A. §§ 56:4-1 and 56:4-2.

### D.  DEFAULT JUDGMENT FACTORS

"Before imposing the extreme sanction of default [judgment], district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject

to default." <u>Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds</u>, 250 F.R.D. 171, 177 (D.N.J. 2008) (*citing* <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir. 1987)). Plaintiff submits that each of these three factors weighs in favor of entering default judgment here.

First, the law and the facts alleged in the Complaint reveal no meritorious defense open to Defendant Pena or Defendant Clavijo. Of course, "evaluation of the first factor is made difficult by defendants' failure to answer or to oppose the motion for default judgment." <u>Loc. 365 Pension Fund</u>, 2021 U.S. Dist. LEXIS 94465, 2021 WL 1976700, at *3. As explained above, the record before the Court establishes Defendants' liability. This conclusion should be bolstered by the numerous Courts in this District that have considered comparable claims at the same procedural posture and granted default judgment. *See, e.g.*, <u>Crocs, Inc.</u>, 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858 at *5; <u>La Fabril, S.A.</u>, 2021 U.S. Dist. LEXIS 242132, 2021 WL 6010374, at *5; <u>Tri-Union Seafoods, LLC</u>, 2021 U.S. Dist. LEXIS 75537, 2021 WL 1541054, *3; <u>Coach, Inc.</u>, 2010 U.S. Dist. LEXIS 59003, 2011 WL 1882403, at *6.

Plaintiff submits that the second and third factors also weigh in favor of granting default judgment. Defendants were properly served but failed to engage in the litigation in any way. "It is clear that the plaintiffs have been prejudiced by this dereliction because they have been 'prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion.' <u>Loc. 365 Pension Fund</u>, 2021 U.S. Dist. LEXIS 94465, 2021 WL 1976700, at *5 (*quoting* <u>Teamsters Pension Fund of Phila. & Vicinity</u>, 2011 U.S. Dist. LEXIS 115142, 2011 WL 4729023, at *4); *see also* <u>Gowan v. Cont 'l Airlines, Inc.</u>, No. 10-1858, 2012 U.S. Dist. LEXIS 95135, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("[Plaintiff will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant."). Furthermore, "there is nothing before the Court to show that the Defendant[s'] failure

to file an answer was not willfully negligent." Teamsters Pension Fund of Phila. & Vicinity, 2011 U.S. Dist. LEXIS 115142, 2011 WL 4729023, at *4 (citing Prudential Ins. Co. of Am. v. Taylor, No. 08-2108, 2009 U.S. Dist. LEXIS 16531, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009)).

In short, Defendants' complete failure to engage in the litigation process evidences their culpable conduct and the prejudice to Plaintiff if Plaintiff is not permitted to recover through the Court entering default judgment.

### E. REMEDIES

While the Court accepts the Complaint's factual allegations as true, Plaintiff must nonetheless prove the amount of damages in order for the Court to enter default judgment in its favor. See Comdyne I, Inc., 908 F.2d at 1149; Doe v. Simone, No. 12-5825, 2013 U.S. Dist. LEXIS 99535, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) ("[C]ourts . . . need not accept the plaintiff's factual allegations regarding damages as true." (citing Chanel, Inc., 558 F. Supp. 2d at 536)). In order to determine whether Plaintiff has sufficiently proven damages, Rule 55(b) permits the Court to "conduct such hearings or order such references as it deems necessary and proper." Comdyne I, Inc., 908 F.2d at 1149 (quoting Fed. R. Civ. P. 55(b)(2)).

However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment," Trucking Emps. of N. Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., No. 08-2782, 2009 U.S. Dist. LEXIS 100055, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (citation and quotation marks omitted), such as when "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages, Simone, 2013 U.S. Dist. LEXIS 99535, 2013 WL 3772532, at *2-3 (citation omitted). Furthermore, when a plaintiff seeks statutory damages, costs, and attorney's

fees, a court may award damages without a hearing. *See* Joe Hand Promotions, Inc. v. Waldron, No. 11-849, 2013 U.S. Dist. LEXIS 34567, 2013 WL 1007398, at *3 (D.N.J. Mar. 13, 2013).

### 1. Statutory Damages

The Lanham Act grants several options for a successful plaintiff to recover against an infringing defendant. *See generally* 15 U.S.C. § 1117. Plaintiff seeks statutory damages of $300,000 against Defendants Pena and Clavijo pursuant to 15 U.S.C. § 1117(c). Against these Defendants, Plaintiff seeks $300,000, which reflects treble an estimated $100,000 in profits Defendants Pena and Clavijo earned from its infringement, pursuant to 15 U.S.C. § 1117(a)—(b).

Where a plaintiff elects to recover statutory damages for use of a counterfeit mark, the plaintiff may recover "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). Alternatively, "if the court finds that the use of the counterfeit mark was willful," the Court may award up to $2,000,000 per counterfeit mark. 15 U.S.C. § 1117(c)(2). "In general, 'statutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringer's control and is not disclosed.' Delta Air Lines, Inc. v. Fly Tech, LLC, No. 16-2599, 2018 U.S. Dist. LEXIS 53008, 2018 WL 1535231, at *3 (D.N.J. Mar. 29, 2018) (*quoting* AARP v. Sycle, 991 F. Supp. 2d 224, 230 (D.D.C. 2013)); *see also* Chanel, Inc., 558 F. Supp. 2d at 538 (D.N.J. 2008) ("[The plaintiff] cannot prove actual damages; this is largely because [the defendant] did not respond in this case or provide evidence from which the extent and profitability of his counterfeiting operation could be determined.").

One factor the Court considers in awarding damages is the value of the infringed mark to the Plaintiff. *See* Crocs, Inc., 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858, at *5 (*citing* Delta Air Lines, Inc., 2018 U.S. Dist. LEXIS 53008, 2018 WL 1535231, at *3). Plaintiff has

adequately demonstrated the value of the COSTAMAR and COSTAMAR TRAVEL marks. Plaintiff has used the marks for approaching thirty years. (Complaint. ¶¶ 13, 15). Plaintiff states that the mark is a valuable asset that generates "substantial revenue" and in which the company has invested significant time, money, and labor. (Complaint. ¶¶ 37, 40, 45, 47-48).

Also relevant to the Court's award of statutory damages is whether the infringing conduct was willful. When a defendant "wholly fail[s] to respond to [a plaintiff's] Complaint and Motion, 'the Court can infer that the trademark infringement was indeed willful.'" InnovAsian Cuisine Enters. v. Innovasian Taco, No. 19-16296, 2020 U.S. Dist. LEXIS 123344, 2020 WL 3969917, at *7 (D.N.J. July 14, 2020) (quoting Piquante Brands Int'l, Ltd. v. Chloe Foods Corp., No. 08-4248, 2009 U.S. Dist. LEXIS 50557, 2009 WL 1687484, at *7 (D.N.J. June 16, 2009)); see also Chanel, Inc., 558 F. Supp. 2d at 538 ("By defaulting, [the defendant] admits [the plaintiff's] allegations that he acted willfully and had knowledge of [the plaintiff's] ownership of the marks at issue, including its exclusive rights to use and license the marks and the goodwill associated with the marks "). This Court should likewise view the Defendants' silence in light of this lawsuit as evidence of willful infringement.

Finally, the Court must weigh the scope of Defendants' infringing activities. Plaintiff has offered evidence all Defendants' infringing activity is conducted directly to consumers. The earliest Plaintiff suggests the Defendants began selling infringing products and services is 2012 and that the infringing activities lasted over a decade. (Complaint. ¶¶ 18-31). Plaintiff's affidavit also states that they have reason to believe that Defendants have traded on the Costamar and Costamar Travel marks to sell travel agency services to Florida Best and other competitors. (Complaint. ¶ 19).

The Court should award statutory damages against all Defendants, which is appropriate here given the impossibility of determining the actual damages without Defendants' involvement

in this case. *See* La Fabril, S.A., 2021 U.S. Dist. LEXIS 242132, 2021 WL 6010374, at *5 ("Courts have wide discretion when evaluating appropriate damages, and may consider deterrence." (*citing* Coach, Inc., 2010 U.S. Dist. LEXIS 59003, 2011 WL 1211390, at *6)).

The appropriate amount of statutory damages is left to the sound discretion of the Court. "The Lanham Act does not provide guidelines for courts to use in determining an appropriate award, but instead leaves it to each court's discretion to award an amount it 'considers just.'" Delta Air Lines, Inc., 2018 U.S. Dist. LEXIS 53008, 2018 WL 1535231, at *3 (quoting 15 U.S.C. § 1117(c)(2)).

However, "[b]ecause statutory damages are meant to serve as a substitute for actual damages[,] the Court should discern whether the requested damages 'bear some relation to the actual damages suffered.'" Id. (*quoting* Coach, Inc., 2010 U.S. Dist. LEXIS 59003, 2011 WL 1882403, at *6). "In cases where distribution of infringing goods is not widespread, courts have awarded $10,000 in statutory damages per infringement." La Fabril, S.A., 2021 U.S. Dist. LEXIS 242132, 2021 WL 6010374, at *5.

In light of the facts of the case and consistent with a review of similar awards in comparable cases, the Court should provide a statutory award over $300,000 against the Defendants, considering that the Protected Marks generate substantial income for Plaintiffs, the infringement has been prolonged and ongoing for more than a decade, has not been restricted to a single storefront or retail store, but takes place in at least three locations, from which Defendants can reach customers throughout New Jersey and, indeed, Nationwide. *See, e.g.*, Crocs, Inc., 2022 U.S. Dist. LEXIS 156547, 2022 WL 3754858, at *6 (awarding $60,000 in statutory damages, comprising $30,000 per infringed mark, where the product "generated substantial income" for the plaintiff); La Fabril, S.A., 2021 U.S. Dist. LEXIS 242132, 2021 WL 6010374, at *6 (awarding

$50,000 in statutory damages against a defendant whose activities the court found were "willful, prolonged and not similar to traditional, single retail stores"); Tri-Union Seafoods, LLC, 2021 U.S. Dist. LEXIS 75537, 2021 WI. 1541054, at *8 (awarding $25,000 in statutory damages against each of two defendants).

A significant award is appropriate given the Defendants' failure to participate in this suit and clear evidence of the mark's value to Plaintiff. The Court should make an appropriate in light of the limited evidence Plaintiff offers of extensive trading on the Protected Marks by Defendants, due to their concealment of the necessary information. The court should award $300,000 in statutory damages against the Defendants. The failure of the Defendants to engage in the litigation evidences a willful disregard for the judicial process. An award of this amount would be well below the $2 million amount allowed under the law.

### 2. Injunctive Relief

Plaintiff also seeks permanent injunctive relief to prevent Defendants' future infringement. The Court may grant an injunction in an infringement action pursuant to 15 U.S.C. § 1116(a). To establish its right to a permanent injunction, a plaintiff must show:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006) (citations omitted); see also Coach, Inc., 2010 U.S. Dist. LEXIS 59003, 2011 WL 1882403, at *9 (granting injunctive relief on a plaintiff's default judgment motion in a Lanham Act case).

Plaintiff has establishes all four elements here. First, there is irreparable harm based on the potential for continued infringement. "[O]nce the likelihood of confusion caused by trademark infringement has been established, the inescapable conclusion is that there was also irreparable

injury." <u>Pappan Enters., Inc. v. Hardee's Food Sys., Inc.</u>, 143 F.3d 800, 805 (3d Cir. 1998) (*quoting*

<u>Opticians Ass'n of Am. v. Indep. Opticians of Am.</u>, 920 F.2d 187, 197-6 (3d Cir. 1990)). Second,

monetary relief would be unable to "compensate for the injury to [Plaintiff's] reputation or

necessarily prevent future trademark infringement." <u>Coach, Inc. v. Ocean Point Gifts</u>, No. 09-

4215, 2010 U.S. Dist. LEXIS 59003, 2010 WL 2521444. at *9 (D.N.J. June 14, 2010) (*citing* <u>Louis</u>

<u>Vuitton Malletier, S.A. v. Mosseri</u>, No. 07-2620, 2009 U.S. Dist. LEXIS 100851, 2009 WL

3633882, at *5 (D.N.J. Oct, 28, 2009)). Third, the balance of harms weighs in Plaintiffs favor.

"The only hardship imposed upon the Defendants is that they obey the law," compared with the

potential threat to Plaintiff of "loss of reputation and sales." <u>Coach, Inc.</u>, 2010 U.S. Dist. LEXIS

59003, 2011 WL 1882403, at *9. Finally, the public interest is also served by enjoining future

infringement. "Issuing an injunction will serve the public interest goals of preventing consumer

confusion and the trademark holder's property interest." <u>Coach, Inc.</u>, 2010 U.S. Dist. LEXIS

59003, 2011 WL 1882403, at *9.

### 3. Attorney's Fees

Plaintiff seeks an award of attorney's fees pursuant to the Lanham Act, which provides that

"[t]he court in exceptional cases may award reasonable attorneys' fees to the prevailing party." 15

U.S.C. § 1117(a). "While the statute does not explicitly define the term 'exceptional,' generally a

trademark case is exceptional for purposes of an award of attorneys' fees when the infringement is

malicious, fraudulent, deliberate or willful." <u>Louis Vuitton Malletier and Oakley, Inc. v. Veit</u>, 211

F. Supp. 2d 567, 585 (D.N.J. 2002) (*citing* <u>Securacomm Consulting, Inc. v. Securacom, Inc.</u>, 224

F.3d 273, 280 (3d Cir. 2000)). Courts in this district regularly award attorney's fees on a plaintiffs

default judgment motion in an infringement case. *See, e.g.*, <u>Crocs, Inc.</u>, 2022 U.S. Dist. LEXIS

156547, 2022 WL 3754858, at *6; <u>La Fabril, S.A.</u>, 2021 U.S. Dist. LEXIS 242132, 2021 WL

6010374, at *6; <u>Piquante Brands Int'l, Ltd.</u>, 2009 U.S. Dist. LEXIS 50557, 2009 WL 1687484, at *7. The Defendants' conduct shows willful infringement. Therefore, the only question before the Court is whether the fees Plaintiff seeks are reasonable.

Even in a default judgment, a plaintiff must prove the amount of fees sought to the court's satisfaction. <em>See</em> <u>Piquante Brands Int'l, Ltd</u>, 2009 U.S. Dist. LEXIS 50557, 2009 WL 1687484, at *7 (D.N.J. June 16, 2009) (awarding fees in an infringement default but requiring "detailed proof submitted to this Court at a damages hearing"); <u>Mister Softee, Inc. v. Omar</u>, No. CV 23-3845, 2023 U.S. Dist. LEXIS 182646, 2023 WL 6619637, at *5 (D.N.J. Oct. 11, 2023) (same).

Plaintiff seeks $15,207 in attorneys' fees from the Defendants. The fees requested are based on an attorney declaration that delineates the amount of time each timekeeper at his firm spent on drafting the Complaint, split out among specific dates and tasks. (Fazzio Decl. ¶¶ 6-9). The declarations also state the experience and normal billing rates for each timekeeper. (Fazzio Decl. ¶ 18). Plaintiff's attorney certifies the cost of preparing the Complaint in this matter totaled $5,212.50. Plaintiff also seeks $9,994.50 from Defendants for other case related tasks, including preparing the instant motion. (Fazzio Decl. ¶¶ 9-23).

Courts in this District routinely award comparable amounts on plaintiffs' default judgment motions in Lanham Act infringement cases in light of similar evidence offered by the plaintiffs. <em>See, e.g.</em>, <u>Bethanie L. Mattek, LLC v. Donnay USA Ltd</u>, No. 13-6188, 2016 U.S. Dist. LEXIS 151633, 2016 WL 6542710, at *2 (D.N.J. Nov. 1, 2016) (awarding $31,862.90 in attorney's fees); <u>World Ent., Inc. v. Brown</u>, No. 09-5365, 2011 U.S. Dist. LEXIS 55182, 2011 WL 2036686, at *3 (E.D. Pa. May 20, 2011), aff'd, 487 F. App'x 758 (3d Cir. 2012) ($183,959.30); <u>Am. Registry of Radioloigic Technologists v. Sisk</u>, No. 14-6403, 2015 U.S. Dist. LEXIS 32500, 2015 WL 1205021, at *2 (D.N.J. Mar. 17, 2015) ($8,008.07); <u>Rutt's Hut, Inca v. Mutt's Hut Int'l</u>, No. 11-

1350, 2011 U.S. Dist. LEXIS 77612, 2011 WL 2923697, at *2 (D.N.J. July 18, 2011) ($21,621.54);

see also <u>G6 Hosp. Franchising LLC v. HI Hotel Grp.</u>, LLC, No, 11-2176, 171 F. Supp. 3d 340,

2016 WL 1109211, at *1 (M.D. Pa. Mar. 22, 2016)(awarding $349,249.80 in attorneys' fees against

corporate and individual defendants jointly and severally in Lanham Act case).

Therefore, the Court should grant the Plaintiffs request for attorney's fees in the amount of

$15,207.00 against the Defendants.

### F.  CONCLUSION

For the reasons set forth above, Plaintiff's Motions for Default Judgment should be granted

and a permanent injunction should be entered against the Defendants, and Plaintiff should be

awarded statutory damages and attorney's fees in the amounts deemed just and proper by this

honorable court.

**FAZZIO LAW OFFICES**
*Attorneys for Defendant*

By: */s/ John P. Fazzio, Esq.*
    JOHN P. FAZZIO, ESQ. (JF1752)

Date: April 8, 2024

**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC. <br><br> Plaintiff, <br><br> v. <br><br> NYDIA PENA and GEORGE CLAVIJO, <br><br> Defendants. | No. 3:23-cv-3995 <br><br> **<u>DECLARATION OF JOHN P. FAZZIO, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT</u>** |

JOHN P. FAZZIO, ESQ., pursuant to 28 U.S.C. § 1476, declares as follows:

1.     I am an attorney duly admitted before this court and the owner of Fazzio Law Offices, LLC, attorneys for the Plaintiff Costamar Travel Cruise & Tours, Inc. ("Costamar"). I submit this declaration in support of Costamar's motion, pursuant to Fed. R. Civ. P. 55(b), for a default judgment against Defendants Nydia Pena ("Pena") and George Clavijo ("Clavijo"). I am fully familiar with the facts and circumstances set forth herein.

<u>**Background on Complaint and Defendants' Default**</u>

2.     On July 26, 2023, I filed this action for trademark infringement, false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and corresponding state law, to stop Defendants' unauthorized use of the COSTAMAR and COSTAMAR TRAVEL trademarks, through which Defendants' have been illegally selling travel-

related services for over a decade, in violation of Costamar's rights in their registered trademarks. (ECF No. 1).

3.      Defendants Pena and Clavijo were properly served personally with the summons and complaint on August 28, 2023 in accordance with Fed. R. Civ. P. 4. Service was effected by personal service on both Defendants. Copies of the proofs of service previously filed with the Court for those defendants (ECF Nos. 4 and 5) are attached hereto as **Exhibit A**.

4.      The original deadline for Defendants Pena and Clavijo to answer or otherwise move with respect to the Complaint was September 13, 2023.

5.      Defendants Pena and Clavijo defaulted in the above-captioned action by failing to appear, answer, plead or move with respect to the complaint, despite proper service, within the statutory time period. On November 28, 2023, the Clerk of the Court entered a default as to Defendants Pena and Clavijo.

### **Facts in Support of Attorneys' Fee Application**

6.      As part of this motion, Costamar seeks recovery of its reasonable attorneys' fees incurred in connection with the filing of this case and motion. I billed Costamar a total of 12.80 hours in connection with the preparation of the complaint between June and July as follows:

| | |
|---|---|
| June 3, 2023 | 1.90 hours |
| June 11, 2023 | 4.20 hours |
| June 12, 2023 | 2.30 hours |
| June 23, 2023 | 1.40 hours |
| July 12, 2023 | .70 hours |
| July 20, 2023 | 2.30 hours |

7.      The above work I did involved drafting and revising the complaint, reviewing information pertaining to the registered trademarks and the Defendants' infringing conduct, communicating with the client regarding the preparation of the complaint, and reviewing and revising drafts of forms to initiate the lawsuit and summons.

8.      In addition, a paralegal at our firm, Melissa Pasquariello-Stefano, who also has an active law license in New Jersey, assisted with the preparation of the complaint. Ms. Pasquariello-Stefano worked a total of 3.75 horus as follows:

June 22, 2023                    1.30 hours

June 23, 2023                    1.45 hours

9.      The above work by Ms. Pasquariello-Stefano involved translating client e-mails, and assisting in revision to the facts section of the complaint.

10.     I also billed a total of 7.2 hours in August and September of 2023 in connection with the preparation of a motion for preliminary injunction which we expected to file upon Defendants' answering the complaint as follows:

August 15, 2023                  3.40 hours

August 16, 2023                  1.40 hours

September 20, 2023               2.30 hours

11.     This work involved discussions with the client, review of criteria qualifying for a preliminary injunction, research on the outcome of similar cases, and marshalling additional factual materials from the client.

12.     I also billed 1.4 hours in August of 2023, working with the process server to properly effectuate personal service as follows:

August 23, 2023                  .90 hours

August 28, 2023          .40 hours

13.     This work involved reviewing the Freehold and Brick locations with the process server, providing background information, phone numbers, addresses, and ensuring the process server had the correct summons and complaint documentation to serve on the Defendants. There were also $210 of service fees associated with the successful service attempts.

14.     I also billed .50 on August 30, 2023, in connection with uploading the proofs of service to the case docket.

15.     I also billed 1.30 hours on November 28, 2023, to prepare and upload a Request for Clerk's Default, Supporting Affidavit, Forms of Default Certificate for each of Nydia Pena and George Clavijo.

16.     I also worked 14.5 hours in connection with the current motion for a default judgment during 2024, as follows:

January 12, 2024        2.30 hours

March 14, 2024        2.90 hours

April 3, 2024        2.50 hours

April 5, 2024        1.90 hours

April 7, 2024        4.90 hours

17.     The above work involved substantial research, numerous communications with the client to gather and review relevant information, preparing the notice of motion, supporting declarations, preparing the memorandum of law, and finalizing the papers for filing.

18.     My billing rate for all of this work was $375/hour. I am a 2005 graduate of Brooklyn Law School, with a 2009 L.L.M. in Taxation from New York University School of Law. I have nineteen years of experience as a litigator, including in the intellectual property field, including

trademark law. Ms. Pasquariello-Stefano's rate for the work performed was $150 an hour. Ms. Pasquariello-Stefano is a 2003 graduate of Touro Law School, admitted to practice in both New York and New Jersey in 2005. She has over ten years of legal experience working in various roles, including that of paralegal.

19.     The total fees sought in connection with the preparation of the complaint are $5,212.50.

20.     The total fees sought in connection with effectuating service and entering default are $525.

21.     The total fees sought in connection with advanced preparation of motions to enforce Plaintiff's rights and protect its trademark are $3,822.

22.     The total fees sought in connection with the preparation of the motion for default judgment are $5,437.50.

23.     In sum, the total amount of attorneys' fees sought on this motion are $14,997 plus $210 in service fees, for a total of $15,207.

I declare under penalty of perjury that the foregoing is true and accurate. Executed on April 7, 2024. Hoboken, New Jersey.


*John Fazzio*
_____
JOHN P. FAZZIO, ESQ. (JF1752)

# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    **3:23-CV-03995-RK-TJB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (I))*

This summons for   **George Clavijo**
was recieved by me on  **8/23/2023:**

[X]   I personally served the summons on the individual at **Costa Y Mar Services, 2791 Hooper Avenue, #210, Brick Township, NJ 08723** on **08/28/2023 at 10:36 AM**; or

[ ]   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

[ ]   I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of organization)*; or

[ ]   I returned the summons unexecuted because ; or

[ ]   Other *(specify)*

My fees are $ 0 for travel and **$ 105.00** for services, for a total of **$ 105.00**.

I declare under penalty of perjury that this information is true.

Date:  08/30/2023

_____
*Server's signature*

**John Diaraneo**
*Printed name and title*

**98C Edinburgh Ln
Lakewood, NJ 08701**

_____
*Server's address*

Additional information regarding attempted service, etc:

**I delivered the documents to George Clavijo with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a black-haired Hispanic male contact over 65 years of age, 5'6"-5'8" tall and weighing 140-160 lbs with an accent.**





Tracking #: **0113231622**

# EXHIBIT A

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.    **3:23-CV-03995-RK-TJB**

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for  **Nydia Pena**
was recieved by me on  **8/24/2023:**

[X]   I personally served the summons on the individual at **52 Throckmorton Street, Freehold, NJ 07728** on **08/28/2023 at 12:00 PM**; or

[ ]   I left the summons at the individual's residence or usual place of abode with *(name)* , a person of suitable age and discretion who resides there, on , and mailed a copy to the individual's last known address; or

[ ]   I served the summons on *(name of individual)* , who is designated by law to accept service of process on behalf of *(name of  organization)*; or

[ ]   I returned the summons unexecuted because ; or

[ ]   Other *(specify)*

My fees are $ 0 for travel and **$ 105.00** for services, for a total of **$ 105.00**.

I declare under penalty of perjury that this information is true.

Date:  08/30/2023

_____
*Server's signature*

**John Diaraneo**
*Printed name and title*

**98C Edinburgh Ln**
**Lakewood, NJ 08701**

_____
*Server's address*

Additional information regarding attempted service, etc:

**I delivered the documents to Nydia Pena with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a brown-haired Hispanic female contact 55-65 years of age, 5'-5'4" tall and weighing 140-160 lbs with an accent.**





Tracking #: **0113231646**

**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | No. 3:23-cv-3995<br><br>**[PROPOSED] FINAL JUDGMENT AGAINST NYDIA PENA AND GEORGE CLAVIJO** |

WHEREAS, on July 26, 2023, Plaintiff Costamar Travel & Cruise Tours, Inc.

("Costamar") filed a Complaint (ECF No. 1) alleging claims for trademark infringement, false

designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*,

and state law, against Defendants Nydia Pena ("Pena") and George Clavijo ("Clavijo")

(collectively "Defendants"); and

WHEREAS, Defendants Pena and Clavijo were served with the summons and complaint

on August 28, 2023 (ECF Nos. 4 and 5); and

WHEREAS, the original deadline for Defendants to answer or otherwise move with

respect to the Complaint was September 13, 2023; and

1

WHEREAS, Defendants Pena and Clavijo failed to appear, answer, plead or move with respect to the Complaint within the statutory time period, and have taken no action on this case in the intervening timeframe since such time expired; and

WHEREAS, on November 28, 2023, the Clerk of the Court entered a default as to Defendants Pena and Clavijo; and

WHEREAS, Costamar has moved for entry of a default judgment against Pena and Clavijo; and

WHEREAS, the Court had determined that Costamar is entitled to a default judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.      The Court has jurisdiction over Defendants Pena and Clavijo and over the subject matter at issue, and venue is proper in this District.

2.      Judgment is entered in favor of Costamar and against Pena and Clavijo on the first claim for relief for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a), on the second count for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), on the third, fourth and fifth counts for relief for unfair competition under the New Jersey Unfair Competition Act., N.J. Stat. Ann. §§ 56:3-13.16 & 56:4-1 *et seq.* and under the common law of New Jersey.

3.      Pena and Clavijo, and any of their officers, agents, members, employees, representatives, parents, subsidiaries, affiliates, divisions, successors and assigns and all of those persons in active concert or participation with any of them who receive actual notice of this judgment, shall be permanently enjoined from:

a.      Using the COSTAMAR or COSTAMAR TRAVEL trademark or any reproduction, counterfeit copy or colorable imitation thereof in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production or distribution of any goods or services;

b.      Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Costamar's business reputation or goodwill in its COSTAMAR or COSTAMAR TRAVEL marks ("Plaintiff's Marks"), or any other mark, word, or name similar to the mark and words which are likely to or may cause confusion, mistake or deception, including through the continued displaying of misleading signage bearing such marks, the use of the marks on the internet to promote Defendants' services, and/or falsely informing the public and/or their own customers that Defendants' are engaging in the sale of travel-related services under Plaintiff's Marks;

c.      Committing any other act calculated or likely to cause the public to believe that any products manufactured, distributed or sold by Pena or Clavijo are in any measure associated or connected with Costamar, or are sold, manufactured, licensed, sponsored, approved, or authorized by Costamar.

4.      Costamar shall recover statutory damages of $300,000 against Pena and Clavijo jointly and severally.

5.      Costamar shall recover an attorneys' fee award of $15,207 against Pena and Clavijo jointly and severally.

6.      The Court shall retain continuing jurisdiction over the parties to this Final Judgment and over the subject matter of the action for the purposes of interpreting and enforcing the terms of this Final Judgment.

IT IS SO ORDERED this ___ day of _____, 2024.


_____
HON. ROBERT A. KIRSCH, U.S.D.J.

**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | No. 3:23-cv-3995<br><br>**DECLARATION OF GABRIEL CONCAS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

GABRIEL CONCAS, pursuant to 28 U.S.C. § 1476, declares as follows:

1.      I am one of the principals of the Plaintiff, Costamar Travel Cruise & Tours, Inc.

**Background on Complaint and Defendants' Default**

2.      I have compiled historical reports from the period between 2007 and 2012 when the Defendants operated Costamar Freehold as an authorized Franchisee.

3.      Attached as **Exhibit A** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party airlines' Global Distribution reservation System ("GDS") for 2007. This shows Gross Sales of $1,141,105.00. This resulted in Franchisee Commissions of $39,014.26, Franchisor Commissions of $21,585.57, and Total Commissions of $60,599.83.

4.      Attached as **Exhibit B** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party GDS for 2008. This shows Gross Sales of $1,071,902.00. This resulted in Franchisee Commissions of $19,133.13, Franchisor Commissions of $13,502.63, and Total Commissions of $32,635.76.

5.      Attached as **Exhibit C** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party GDS for 2009. This shows Gross Sales of $530,882.00. This resulted in Franchisee Commissions of $28,407.90, Franchisor Commissions of $8,197.67, and Total Commissions of $36,605.57.

6.      Attached as **Exhibit D** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party airlines' Global Distribution reservation System ("GDS") for 2010. This shows Gross Sales of $604,145.00. This resulted in Franchisee Commissions of $22,790.80, Franchisor Commissions of $6,904.74, and Total Commissions of $29,695.54.

7.      Attached as **Exhibit E** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party GDS for 2011. This shows Gross Sales of $808,687.00. This resulted in Franchisee Commissions of $36,240.35, Franchisor Commissions of $8,734.00, and Total Commissions of $44,974.35.

8.      Attached as **Exhibit F** hereto is a breakdown of actual sales purchased through Costamar Services by the Defendants' authorized operations reported to us by the third-party GDS for 2012. This shows Gross Sales of $101,176.00. This resulted in Franchisee Commissions of $3,952.28, Franchisor Commissions of $2,847.53, and Total Commissions of $6,799.81.

9.      In 2012, Costamar Travel Cruise & Tours Inc. discovered Defendants had opened a second "Costamar" office without authorization and had begun purchasing from competitors. As

noted in the pleadings, Defendants' access and authorization to sell Costamar travel services and products was revoked in 2012, but they continued operating under our name and holding themselves out as a Costamar Franchisee from 2012 to the present, despite Cease and Desist letters and other efforts to get Defendants to cease these unauthorized sales activities. Moreover, adding insult to injury, the profits and "Lost Total Commissions" from these sales were either received 100% by Defendants or shared with our competitors, while trading on our name and reputation, damaging our goodwill in the marketplace.

10.     Attached is **Exhibit G** hereto is a conservative projection of **"Actual Lost Sales"** of Costamar Services from the Defendants' operation from 2012 to the present. This shows from 2012 to 2024 the projected Gross Sales were $10,411,755.00, projected Lost Franchisee Commissions were $467,172.27, and the projected Lost Total Commissions were $577,866.74. These conservative projections are based only on the single branch in Freehold for which we have historical data and not for the other branches that were opened after authorization to use the Costamar name was revoked.

11.     Today Defendants operate three (3) unauthorized Costamar offices and have been operating these offices without authorization to do so since March 5, 2012. Assuming each of the other two (2) offices has been as successful as the Freehold office, this would triple the projections, bringing the Total Lost Franchisee Commissions to $1,401,516.81, bringing the Total Lost Franchisor Commissions to $332,083.41, and bringing the Total Lost Commissions to $1,733,600.22.

12.     I submit this certification in support of the Motion for Default Judgment and attorneys' fees to provide evidence and support for the fact that the $300,000 is far less than the projected actual damages expected to have been incurred, even assuming that the violation of our

trademark was restricted to a single location and was not going on at all three (3) locations, as we believe to be the case.

I declare under penalty of perjury that the foregoing is true and accurate. Executed on April 26, 2024. Elizabeth, New Jersey.

GABRIEL CONCAS



# Invoice Query

Costamar Travel (DB 5/31/20)                    04/11/24

Selected Invoice Dates from 1/1/2007 to 12/31/2007
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| **Total for CTM CTM Tours** | | | | | | # of items: 7 | | | | 2293.55 | 2293.55 | | |
| **Total for CUS Comfort Inn Universal Studios** | | | | | | # of items: 4 | | | | 598.50 | -15.70 | | |
| **Total for DBM Debit Memo (L)** | | | | | | # of items: 6 | | | | 210.14 | 0.00 | | |
| **Total for DCT Descuento Venta Directa** | | | | | | # of items: 465 | | | | -13563.31 | -13563.31 | | |
| **Total for DHL Worldwide Express** | | | | | | # of items: 2 | | | | 20.54 | 0.00 | | |
| **Total for DIL Diana Illanes (CQ)*OUT*** | | | | | | # of items: 1 | | | | 5.00 | 0.00 | | |
| **Total for GPR Gaby Pretell (TG)** | | | | | | # of items: 1 | | | | 5.00 | 0.00 | | |
| **Total for HMX Hotelbeds Accomodation** | | | | | | # of items: 2 | | | | 34.50 | 0.00 | | |
| **Total for HUS Hotelbeds Accomodation & Desti** | | | | | | # of items: 1 | | | | 477.15 | 0.00 | | |
| **Total for JRI Jimmy Rivera (62)** | | | | | | # of items: 1 | | | | 5.00 | 0.00 | | |
| **Total for MBA Monica Bazul (RY)** | | | | | | # of items: 3 | | | | 15.00 | 0.00 | | |
| **Total for MCH Merchant Fee Credit Card (L)** | | | | | | # of items: 5 | | | | 241.09 | 0.00 | | |
| **Total for RBD Rosebud Inc.** | | | | | | # of items: 4 | | | | 1540.18 | 0.00 | | |
| **Total for SFEE Fee Perdidas & Ganancias** | | | | | | # of items: 619 | | | | 4572.23 | 4572.23 | | |
| **Total for TRV Intertravel Sarl** | | | | | | # of items: 1 | | | | 1363.00 | 0.00 | | |
| **Total for VID Vidal Travel  (L)** | | | | | | # of items: 97 | | | | 25461.15 | 554.24 | | |
| **Grand Total** | | | | | | # of items: 6332 | | | | 1141105.4 | 21585.57 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only

# Invoice Query

**Costamar Travel (DB 5/31/20)**

Page: 1

04/11/24    6:00PM

Selected Invoice Dates from 1/1/2007 to 12/31/2007
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| Total for 005 Continental Airlines, Inc(L) | | | | | | # of items: 2018 | | | | 747732.56 | 40442.80 | | |
| Total for 006 DELTA AIR LINES INC | | | | | | # of items: 149 | | | | 59827.79 | 3288.41 | | |
| Total for 012 Northwest Airlines, Inc.(P) | | | | | | # of items: 12 | | | | 5308.95 | 0.00 | | |
| Total for 014 AIR CANADA | | | | | | # of items: 1 | | | | 312.17 | 0.00 | | |
| Total for 016 UNITED AIR LINES INC. | | | | | | # of items: 18 | | | | 8953.54 | 28.44 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | | | | # of items: 4 | | | | 1287.60 | 0.00 | | |
| Total for 037 Us Airways (L) | | | | | | # of items: 119 | | | | 35794.20 | 1132.37 | | |
| Total for 045 LAN AIRLINES S.A. | | | | | | # of items: 11 | | | | 4902.40 | 353.20 | | |
| Total for 047 Tap-Airline Of Portugal (L) | | | | | | # of items: 1 | | | | 776.06 | 0.00 | | |
| Total for 055 ALITALIA AIRLINES | | | | | | # of items: 3 | | | | 1160.75 | 0.00 | | |
| Total for 075 Iberia Operadora | | | | | | # of items: 4 | | | | 4103.69 | 0.00 | | |
| Total for 095 Aviacsa (L) | | | | | | # of items: 1 | | | | 146.00 | 0.00 | | |
| Total for 125 British Airways (P) | | | | | | # of items: 2 | | | | 1488.94 | 0.00 | | |
| Total for 132 Mexicana Airlines (L) | | | | | | # of items: 417 | | | | 114781.11 | 10859.76 | | |
| Total for 133 Lacsa Airlines | | | | | | # of items: 9 | | | | 3248.55 | 203.04 | | |
| Total for 134 AVIANCA | | | | | | # of items: 225 | | | | 103518.93 | 6163.52 | | |
| Total for 139 Aeromexico (P) | | | | | | # of items: 52 | | | | 14621.40 | 1586.21 | | |
| Total for 201 Air (L) | | | | | | # of items: 1 | | | | 430.80 | 0.00 | | |
| Total for 202 Taca Int'L Airlines (P) | | | | | | # of items: 18 | | | | 8154.54 | 514.20 | | |
| Total for 230 Copa | | | | | | # of items: 38 | | | | 14460.43 | 978.20 | | |
| Total for 332 AirTran Airways | | | | | | # of items: 16 | | | | 3437.50 | 0.00 | | |
| Total for 401 America West Airlines Inc(P) | | | | | | # of items: 2 | | | | 366.20 | 0.00 | | |
| Total for 462 Lan Ecuador | | | | | | # of items: 18 | | | | 7687.64 | 531.82 | | |
| Total for 487 Spirit Airlines (L) | | | | | | # of items: 14 | | | | 6190.34 | 592.59 | | |
| Total for 724 Swiss | | | | | | # of items: 1 | | | | 418.39 | 0.00 | | |
| Total for 890 Travel Agent Fee Document (P) | | | | | | # of items: 642 | | | | 479.15 | 41.36 | | |
| Total for 957 Tam Linhas Aereas | | | | | | # of items: 8 | | | | 5299.10 | 42.90 | | |
| Total for AGY Agencia Commission | | | | | | # of items: 1307 | | | | -39014.26 | -39014.26 | | |
| Total for AWV Us Airways Vacations | | | | | | # of items: 2 | | | | 1952.28 | 0.00 | | |

## Invoice Query

**Costamar Travel (DB 5/31/20)**

Selected Invoice Dates from 1/1/2007 to 12/31/2007
Selected AccountId  7324314588
Selected Provider  AGY

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|------|
| **Total for AGY Agencia Commission** | | | | | | # of items: 1340 | | | | -39014.26 | -39014.26 | | |
| | Grand Total | | | | | # of items: 1340 | | | | -39014.26 | -39014.26 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only



# Invoice Query

**Costamar Travel (DB 5/31/20)**

Page: 1

04/11/24        6:04PM

Selected Invoice Dates from 1/1/2008 to 12/31/2008
Selected AccountId 7324314588
Selected Status No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| Total for 005 Continental Airlines, Inc(L) | | | | | | # of items: 1968 | | | | 759840.08 | 41504.49 | | |
| Total for 006 DELTA AIR LINES INC | | | | | | # of items: 258 | | | | 81003.49 | 3168.17 | | |
| Total for 012 Northwest Airlines, Inc.(L) | | | | | | # of items: 3 | | | | 1106.59 | 0.00 | | |
| Total for 016 UNITED AIR LINES INC. | | | | | | # of items: 13 | | | | 4760.96 | 132.36 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | | | | # of items: 15 | | | | 4869.70 | 0.00 | | |
| Total for 037 Us Airways (L) | | | | | | # of items: 83 | | | | 29490.53 | 467.90 | | |
| Total for 045 LAN AIRLINES S.A. | | | | | | # of items: 4 | | | | 2011.00 | 103.79 | | |
| Total for 047 Tap-Airline Of Portugal (L) | | | | | | # of items: 4 | | | | 4205.36 | 0.00 | | |
| Total for 075 Iberia Operadora | | | | | | # of items: 1 | | | | 706.89 | 0.00 | | |
| Total for 081 Qantas Airways, Ltd. (P) | | | | | | # of items: 1 | | | | 2017.39 | 0.00 | | |
| Total for 095 Aviacsa (L) | | | | | | # of items: 19 | | | | 1101.00 | 35.46 | | |
| Total for 117 Scandinavian Airlines (L) | | | | | | # of items: 5 | | | | 5954.10 | 0.00 | | |
| Total for 132 Mexicana Airlines (L) | | | | | | # of items: 121 | | | | 28599.16 | 1417.43 | | |
| Total for 133 Lacsa Airlines | | | | | | # of items: 10 | | | | 3497.42 | 219.44 | | |
| Total for 134 AVIANCA | | | | | | # of items: 158 | | | | 74752.85 | 3789.30 | | |
| Total for 139 Aeromexico (P) | | | | | | # of items: 48 | | | | 15518.67 | 495.50 | | |
| Total for 202 Taca Int'L Airlines (P) | | | | | | # of items: 31 | | | | 12683.04 | 670.46 | | |
| Total for 230 Copa | | | | | | # of items: 24 | | | | 9758.42 | 744.00 | | |
| Total for 332 AirTran Airways | | | | | | # of items: 11 | | | | 2522.00 | 0.00 | | |
| Total for 352 Air Plus Comet (L) | | | | | | # of items: 1 | | | | 1194.74 | 0.00 | | |
| Total for 462 Lan Ecuador | | | | | | # of items: 27 | | | | 11432.10 | 841.04 | | |
| Total for 487 Spirit Airlines (L) | | | | | | # of items: 8 | | | | 2164.00 | 0.00 | | |
| Total for 544 Lan Peru (L) | | | | | | # of items: 9 | | | | 3304.80 | 230.64 | | |
| Total for 890 Travel Agent Fee Document (P) | | | | | | # of items: 628 | | | | 343.66 | -89.24 | | |
| Total for 957 Tam Linhas Aereas | | | | | | # of items: 6 | | | | 3656.30 | 398.10 | | |
| Total for AGY Agencia Commission | | | | | | # of items: 595 | | | | -19133.13 | -19133.13 | | |
| Total for CTM CTM Tours | | | | | | # of items: 3 | | | | 592.51 | 592.51 | | |
| Total for CUS Comfort Inn Universal Studios | | | | | | # of items: 1 | | | | 0.00 | -14.97 | | |
| Total for DBM Debit Memo (L) | | | | | | # of items: 2 | | | | 75.76 | 0.00 | | |

# Invoice Query

**Page: 2**

## Costamar Travel (DB 5/31/20)

04/11/24
6:04PM

Selected Invoice Dates from 1/1/2008 to 12/31/2008
Selected AccountId 7324314588
Selected Status No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| **Total for DCT Descuento Venta Directa** | | | | | | # of items: 888 | | | | -28092.15 | -28092.15 | | |
| **Total for DIL Diana Illanes (CQ)*OUT*** | | | | | | # of items: 1 | | | | 5.00 | 0.00 | | |
| **Total for MBA Monica Bazul (RY)** | | | | | | # of items: 1 | | | | 5.00 | 0.00 | | |
| **Total for MCH Merchant Fee Credit Card (L)** | | | | | | # of items: 2 | | | | 136.40 | 0.00 | | |
| **Total for NFT Nefertiti Travel** | | | | | | # of items: 1 | | | | 2085.00 | 0.00 | | |
| **Total for PEM P & G Professional Services** | | | | | | # of items: 1 | | | | 10.00 | 10.00 | | |
| **Total for RBD Rosebud Inc.** | | | | | | # of items: 1 | | | | 111.20 | 0.00 | | |
| **Total for SFEE Fee Perdidas & Ganancias** | | | | | | # of items: 743 | | | | 4560.76 | 4460.76 | | |
| **Total for SUP International Lifestyles** | | | | | | # of items: 2 | | | | 0.00 | 0.00 | | |
| **Total for VID Vidal Travel (L)** | | | | | | # of items: 120 | | | | 45051.24 | 1550.77 | | |
| **Grand Total** | | | | | | # of items: 5817 | | | | 1071901.8 | 13502.63 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only

# Invoice Query

## Costamar Travel (DB 5/31/20)

04/11/24          6:27PM

**Page: 1**

**Selected Invoice Dates from 1/1/2008 to 12/31/2008**
**Selected AccountId  7324314588**
**Selected Status  No Voids**
**Selected Provider  AGY**

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| **Total for AGY Agencia Commission** | | | | | | # of items: 595 | | | | -19133.13 | -19133.13 | | |
| | **Grand Total** | | | | | # of items: 595 | | | | -19133.13 | **-19133.13** | | |

**Sorted on Provider and InvoiceDate and Fop**
**Subtotaled on Provider, Subtotals Only**



# Invoice Query

## Costamar Travel (DB 5/31/20)

Selected Invoice Dates from 1/1/2009 to 12/31/2009
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|-----|------|
| Total for 001 AMERICAN AIRLINES INC. | | | # of items: 32 | | | | | | | 13549.28 | 372.16 | | |
| Total for 005 Continental Airlines, Inc(L) | | | # of items: 1051 | | | | | | | 343442.36 | 16066.55 | | |
| Total for 006 DELTA AIR LINES INC | | | # of items: 105 | | | | | | | 37408.35 | 2915.23 | | |
| Total for 012 Northwest Airlines, Inc.(L) | | | # of items: 1 | | | | | | | 506.15 | 0.00 | | |
| Total for 016 UNITED AIR LINES INC. | | | # of items: 27 | | | | | | | 7810.80 | 249.50 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | # of items: 18 | | | | | | | 7632.50 | 0.00 | | |
| Total for 037 Us Airways (L) | | | # of items: 56 | | | | | | | 16849.41 | 686.92 | | |
| Total for 045 LAN AIRLINES S.A. | | | # of items: 13 | | | | | | | 9177.52 | 688.99 | | |
| Total for 055 ALITALIA AIRLINES | | | # of items: 1 | | | | | | | 940.75 | 0.00 | | |
| Total for 075 Iberia Operadora | | | # of items: 1 | | | | | | | 978.99 | 0.00 | | |
| Total for 095 Aviacsa (L) | | | # of items: 3 | | | | | | | 160.00 | 3.42 | | |
| Total for 125 British Airways (P) | | | # of items: 2 | | | | | | | 782.95 | 0.00 | | |
| Total for 132 Mexicana Airlines (L) | | | # of items: 65 | | | | | | | 20750.40 | 997.76 | | |
| Total for 133 Lacsa Airlines | | | # of items: 2 | | | | | | | 1154.02 | 72.45 | | |
| Total for 134 AVIANCA | | | # of items: 114 | | | | | | | 47783.56 | 3447.39 | | |
| Total for 139 Aeromexico (P) | | | # of items: 25 | | | | | | | 7779.43 | 610.93 | | |
| Total for 202 Taca Int'L Airlines (P) | | | # of items: 5 | | | | | | | 1736.08 | 0.00 | | |
| Total for 230 Copa | | | # of items: 21 | | | | | | | 10719.98 | 397.20 | | |
| Total for 249 SANTA BARBARA AIRLINES | | | # of items: 2 | | | | | | | 1595.86 | 244.00 | | |
| Total for 332 AirTran Airways | | | # of items: 3 | | | | | | | 719.00 | 0.00 | | |
| Total for 462 Lan Ecuador | | | # of items: 14 | | | | | | | 6116.51 | 542.20 | | |
| Total for 547 Aerogal | | | # of items: 2 | | | | | | | 1273.40 | 92.00 | | |
| Total for 724 Swiss | | | # of items: 1 | | | | | | | 242.67 | 0.00 | | |
| Total for 890 Travel Agent Fee Document (P) | | | # of items: 328 | | | | | | | 5729.18 | 5390.16 | | |
| Total for 957 Tam Linhas Aereas | | | # of items: 4 | | | | | | | 466.00 | 11.04 | | |
| Total for AGY Agencia Commission | | | # of items: 869 | | | | | | | -28454.89 | -28407.90 | | |
| Total for APV Apple Vacations (L) | | | # of items: 1 | | | | | | | 894.40 | 0.00 | | |
| Total for CSA CSA Travel Protection (L) | | | # of items: 1 | | | | | | | -135.20 | -40.56 | | |
| Total for CTM CTM Tours | | | # of items: 2 | | | | | | | 556.18 | 556.18 | | |

# Invoice Query

## Costamar Travel (DB 5/31/20)

Selected Invoice Dates from 1/1/2009 to 12/31/2009
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|-----|------|
| **Total for DBM Debit Memo (L)** | | | | | | # of items: 11 | | | | 603.92 | 603.92 | | |
| **Total for LIM CTM TOURS SAC** | | | | | | # of items: 1 | | | | 1031.40 | 0.00 | | |
| **Total for MCH Merchant Fee Credit Card (L)** | | | | | | # of items: 2 | | | | 90.02 | 0.00 | | |
| **Total for SFEE Fee Perdidas & Ganancias** | | | | | | # of items: 319 | | | | 1822.80 | 1822.80 | | |
| **Total for TEN Paradise Travel** | | | | | | # of items: 4 | | | | 2242.40 | 161.44 | | |
| **Total for VID Vidal Travel  (L)** | | | | | | # of items: 13 | | | | 6925.82 | 713.89 | | |
| **Grand Total** | | | | | | # of items: 3119 | | | | 530882.00 | 8197.67 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only

## Invoice Query

**Costamar Travel (DB 5/31/20)**

Selected Invoice Dates from 1/1/2009 to 12/31/2009
Selected AccountId  7324314588
Selected Status  No Voids
Selected Provider  AGY

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|-----|------|
| Total for AGY Agencia Commission | | | | | # of items: 869 | | | | | -28454.89 | -28407.90 | | |
| Grand Total | | | | | # of items: 869 | | | | | -28454.89 | -28407.90 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only



# Invoice Query

### Costamar Travel (DB 5/31/20)

Selected Invoice Dates from 1/1/2010 to 12/31/2010
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| Total for 001 AMERICAN AIRLINES INC. | | | | | | # of items: 107 | | | | 53484.22 | 2815.25 | | |
| Total for 005 Continental Airlines, Inc(L) | | | | | | # of items: 883 | | | | 395043.05 | 12149.44 | | |
| Total for 006 DELTA AIR LINES INC | | | | | | # of items: 80 | | | | 34489.26 | 1820.44 | | |
| Total for 016 UNITED AIR LINES INC. | | | | | | # of items: 18 | | | | 8686.55 | 182.80 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | | | | # of items: 12 | | | | 5053.30 | 0.00 | | |
| Total for 037 Us Airways (L) | | | | | | # of items: 47 | | | | 18296.64 | 533.74 | | |
| Total for 045 LAN AIRLINES S.A. | | | | | | # of items: 7 | | | | 2771.80 | 124.25 | | |
| Total for 075 Iberia Operadora | | | | | | # of items: 2 | | | | 1398.31 | 0.00 | | |
| Total for 132 Mexicana Airlines (L) | | | | | | # of items: 18 | | | | 6892.91 | 305.32 | | |
| Total for 133 Lacsa Airlines | | | | | | # of items: 4 | | | | 1170.15 | 88.24 | | |
| Total for 134 AVIANCA | | | | | | # of items: 93 | | | | 39403.48 | 2088.04 | | |
| Total for 139 Aeromexico (P) | | | | | | # of items: 46 | | | | 17119.01 | 456.56 | | |
| Total for 202 Taca Int'L Airlines (P) | | | | | | # of items: 5 | | | | 1914.14 | 141.44 | | |
| Total for 230 Copa | | | | | | # of items: 12 | | | | 5708.31 | 103.20 | | |
| Total for 249 SANTA BARBARA AIRLINES | | | | | | # of items: 2 | | | | 861.40 | 119.60 | | |
| Total for 279 Jetblue | | | | | | # of items: 47 | | | | 13532.83 | 0.00 | | |
| Total for 462 Lan Ecuador | | | | | | # of items: 7 | | | | 2297.73 | 162.96 | | |
| Total for 547 Aerogal | | | | | | # of items: 13 | | | | 6795.40 | 458.27 | | |
| Total for 890 Travel Agent Fee Document (P) | | | | | | # of items: 198 | | | | 6319.33 | 6072.78 | | |
| Total for AGY Agencia Commission | | | | | | # of items: 844 | | | | -22790.80 | -22790.80 | | |
| Total for ARCTASF Travel Agency Service Fee (L) | | | | | | # of items: 1 | | | | 53.25 | 0.00 | | |
| Total for CTM CTM Tours | | | | | | # of items: 3 | | | | 264.23 | 264.23 | | |
| Total for HIC HOTELERA CARTAGENA DE INDIAS | | | | | | # of items: 2 | | | | 919.56 | 0.00 | | |
| Total for MCH Merchant Fee Credit Card (L) | | | | | | # of items: 1 | | | | 65.21 | 0.00 | | |
| Total for PDV Panamericana de Viajes | | | | | | # of items: 1 | | | | 614.00 | 0.00 | | |
| Total for SFEE Fee Perdidas & Ganancias | | | | | | # of items: 289 | | | | 1722.73 | 1722.73 | | |
| Total for TEN Paradise Travel | | | | | | # of items: 4 | | | | 2059.10 | 86.25 | | |
| Grand Total | | | | | | # of items: 2746 | | | | 604145.10 | 6904.74 | | |

# Invoice Query

## Costamar Travel (DB 5/31/20)

04/11/24      6:28PM

**Selected Invoice Dates from 1/1/2010 to 12/31/2010**
**Selected AccountId  7324314588**
**Selected Status  No Voids**
**Selected Provider  AGY**

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|------|
| **Total for AGY Agencia Commission** | | | | | | # of items: 844 | | | | **-22790.80** | **-22790.80** | | |
| | Grand Total | | | | | # of items: 844 | | | | **-22790.80** | **-22790.80** | | |

**Sorted on Provider and InvoiceDate and Fop**
**Subtotaled on Provider, Subtotals Only**



## Invoice Query

**Costamar Travel (DB 5/31/20)**

Selected Invoice Dates from 1/1/2011 to 12/31/2011
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|----|----|
| Total for 001 AMERICAN AIRLINES INC. | | | | | # of items: 106 | | | | | 45235.25 | 2331.65 | | |
| Total for 005 Continental Airlines, Inc(L) | | | | | # of items: 1025 | | | | | 490660.79 | 18295.87 | | |
| Total for 006 DELTA AIR LINES INC | | | | | # of items: 189 | | | | | 79964.61 | 4112.08 | | |
| Total for 016 UNITED AIR LINES INC. | | | | | # of items: 26 | | | | | 11403.21 | 148.60 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | | | # of items: 11 | | | | | 4466.80 | 0.00 | | |
| Total for 037 Us Airways (L) | | | | | # of items: 106 | | | | | 41186.37 | 931.43 | | |
| Total for 044 Aerolineas Argentinas (L) | | | | | # of items: 2 | | | | | 2274.20 | 581.56 | | |
| Total for 045 LAN AIRLINES S.A. | | | | | # of items: 17 | | | | | 12295.81 | 552.46 | | |
| Total for 057 Air France (P) | | | | | # of items: 1 | | | | | 581.11 | 0.00 | | |
| Total for 105 Finnair Oy | | | | | # of items: 1 | | | | | 290.78 | 0.00 | | |
| Total for 111 Bahamasair (L) | | | | | # of items: 4 | | | | | 1236.64 | 0.00 | | |
| Total for 133 Lacsa Airlines | | | | | # of items: 7 | | | | | 3742.60 | 239.76 | | |
| Total for 134 AVIANCA | | | | | # of items: 111 | | | | | 63227.54 | 4013.80 | | |
| Total for 139 Aeromexico (P) | | | | | # of items: 112 | | | | | 35203.78 | 1052.81 | | |
| Total for 202 Taca Int'L Airlines (P) | | | | | # of items: 9 | | | | | 4856.47 | 213.02 | | |
| Total for 230 Copa | | | | | # of items: 13 | | | | | 7847.38 | 0.00 | | |
| Total for 235 Turkish Airlines Inc | | | | | # of items: 2 | | | | | 2232.20 | 0.00 | | |
| Total for 279 Jetblue | | | | | # of items: 34 | | | | | 11696.89 | 0.00 | | |
| Total for 422 Frontier Airlines (L) | | | | | # of items: 1 | | | | | 217.90 | 0.00 | | |
| Total for 462 Lan Ecuador | | | | | # of items: 7 | | | | | 2943.28 | 222.80 | | |
| Total for 547 Aerogal | | | | | # of items: 24 | | | | | 9716.98 | 635.54 | | |
| Total for 555 Aeroflot Russian Airlines | | | | | # of items: 1 | | | | | 699.20 | 0.00 | | |
| Total for 890 Travel Agent Fee Document (P) | | | | | # of items: 289 | | | | | 9706.67 | 9341.83 | | |
| Total for 957 Tam Linhas Aereas | | | | | # of items: 2 | | | | | 1075.60 | 136.05 | | |
| Total for AGY Agencia Commission | | | | | # of items: 1102 | | | | | -36240.35 | -36240.35 | | |
| Total for DBM Debit Memo (L) | | | | | # of items: 2 | | | | | 206.12 | 206.12 | | |
| Total for SFEE Fee Perdidas & Ganancias | | | | | # of items: 285 | | | | | 1958.97 | 1958.97 | | |
| Grand Total | | | | | # of items: 3489 | | | | | 808686.80 | 8734.00 | | |

# Invoice Query

**Costamar Travel (DB 5/31/20)**

Selected Invoice Dates from 1/1/2011 to 12/31/2011
Selected AccountId  7324314588
Selected Status  No Voids
Selected Provider  AGY

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|-----|------|
| Total for AGY Agencia Commission | | | | | # of items: 1102 | | | | | -36240.35 | -36240.35 | | |
| Grand Total | | | | | # of items: 1102 | | | | | -36240.35 | -36240.35 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only



# Invoice Query

**Costamar Travel (DB 5/31/20)**

Page: 1

04/11/24   6:08PM

Selected Invoice Dates from 1/1/2012 to 12/31/2012
Selected AccountId  7324314588
Selected Status  No Voids

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total for 001 AMERICAN AIRLINES INC. | | | | | # of items: 5 | | | | | 3545.60 | 18.72 | | |
| Total for 005 Continental Airlines, Inc(L) | | | | | # of items: 143 | | | | | 73826.00 | 2697.30 | | |
| Total for 006 DELTA AIR LINES INC | | | | | # of items: 8 | | | | | 2781.67 | 78.72 | | |
| Total for 016 UNITED AIR LINES INC. | | | | | # of items: 2 | | | | | 747.80 | 23.92 | | |
| Total for 027 Alaska Airlines Inc. (P) | | | | | # of items: 3 | | | | | 675.30 | 0.00 | | |
| Total for 037 Us Airways (L) | | | | | # of items: 8 | | | | | 3285.78 | 159.70 | | |
| Total for 045 LAN AIRLINES S.A. | | | | | # of items: 1 | | | | | 1378.92 | 0.00 | | |
| Total for 134 AVIANCA | | | | | # of items: 2 | | | | | 1104.68 | 70.48 | | |
| Total for 139 Aeromexico (P) | | | | | # of items: 26 | | | | | 9656.44 | 38.96 | | |
| Total for 202 Taca Int'L Airlines (P) | | | | | # of items: 2 | | | | | 1170.06 | 58.80 | | |
| Total for 230 Copa | | | | | # of items: 2 | | | | | 1091.80 | 0.00 | | |
| Total for 279 Jetblue | | | | | # of items: 2 | | | | | 375.50 | 0.00 | | |
| Total for 890 Travel Agent Fee Document (P) | | | | | # of items: 42 | | | | | 1318.28 | 1269.09 | | |
| Total for AGY Agencia Commission | | | | | # of items: 117 | | | | | -3952.28 | -3952.28 | | |
| Total for ALE Occidental Allegro Hotels | | | | | # of items: 1 | | | | | 1595.00 | 0.00 | | |
| Total for ARCTRS AIRLINES REPORTI DES:TRS | | | | | # of items: 2 | | | | | 86.00 | 0.00 | | |
| Total for CTM CTM Tours | | | | | # of items: 1 | | | | | 359.78 | 359.78 | | |
| Total for DBM Debit Memo (L) | | | | | # of items: 6 | | | | | 1719.10 | 1719.10 | | |
| Total for DPT De Palm Tours | | | | | # of items: 1 | | | | | 33.12 | 0.00 | | |
| Total for MCH Merchant Fee Credit Card (L) | | | | | # of items: 2 | | | | | 72.10 | 0.00 | | |
| Total for SFEE Fee Perdidas & Ganancias | | | | | # of items: 55 | | | | | 305.24 | 305.24 | | |
| Grand Total | | | | | # of items: 431 | | | | | 101175.89 | 2847.53 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only

## Invoice Query

### Costamar Travel (DB 5/31/20)

04/11/24

Selected Invoice Dates from 1/1/2012 to 12/31/2012
Selected AccountId 7324314588
Selected Provider AGY

| Br | Date | Invoice | Account | Type | Traveler | Provider | Tkt/Cf # | Itinerary | Doc | Amount | Net Comm | Bk | Sell |
|----|------|---------|---------|------|----------|----------|----------|-----------|-----|--------|----------|-----|------|
| **Total for AGY Agencia Commission** | | | | | | # of items: 117 | | | | -3952.28 | -3952.28 | | |
| Grand Total | | | | | | # of items: 117 | | | | -3952.28 | -3952.28 | | |

Sorted on Provider and InvoiceDate and Fop
Subtotaled on Provider, Subtotals Only

**Costamar Travel Cruise & Tours Inc v. Nydia Pena and George Clavijo**
SUPPORTING DOCUMENTATION FOR DEFAULT JUDGEMENT AMOUNT.

Costamar Freehold Historical Gross Sales purchase from Costamar Travel Cruise & Tours Inc

| Year | Gross Sales | Franchisee Commission | Franchisor Commission | Total Commission |
|------|------------|----------------------|----------------------|------------------|
| 2007 | $ 1,141,105.00 | $ 39,014.26 | $ 21,585.57 | $ 60,599.83 |
| 2008 | $ 1,071,902.00 | $ 19,133.13 | $ 13,502.63 | $ 32,635.76 |
| 2009 | $ 530,882.00 | $ 28,407.90 | $ 8,197.67 | $ 36,605.57 |
| 2010 | $ 604,145.00 | $ 22,790.80 | $ 6,904.74 | $ 29,695.54 |
| 2011 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2012 | $ 101,176.00 | $ 3,952.28 | $ 2,847.53 | $ 6,799.81 |

*Conservative Projected Loss of Commissions when Nydia Pena and George Clavijo purchased from com*

| Year | Gross Sales | Lost Franchisee Commission | Lost Franchisor Commission | Lost Total Commission |
|------|------------|---------------------------|---------------------------|----------------------|
| 2012* | $ 707,511.00 | $ 32,288.07 | $ 5,886.47 | $ 38,174.54 |
| 2013 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2014 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2015 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2016 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2017 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2018 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2019 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2020 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2021 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2022 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2023 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| 2024 | $ 808,687.00 | $ 36,240.35 | $ 8,734.00 | $ 44,974.35 |
| **TOTAL** | **$ 10,411,755.00** | **$ 467,172.27** | **$ 110,694.47** | **$ 577,866.74** |

**Defendant is operating 3 unauthorized offices (multiply above by 3)**

| Year | Gross Sales | Lost Franchisee Commission | Lost Franchisor Commission | Lost Total Commission |
|------|------------|---------------------------|---------------------------|----------------------|
| | | $ 1,401,516.81 | $ 332,083.41 | $ 1,733,600.22 |

\* in 2012 Costamar Travel Cruise & Tours Inc discovered Nydia Pena and George Clavijo opened a second "Costamar" office without authorization, and also began purchasing from competitors.

*petitors*