**FAZZIO LAW OFFICES**
John P. Fazzio, Esq. (JF1752)
305 Broadway, 7th Flr, Ste. 19
New York, NY 10007
Tel: (201) 529-8024
Fax: (201) 529-8011
*Attorneys for Plaintiffs,*
*Costamar Travel Cruise & Tours, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NYDIA PENA and GEORGE CLAVIJO,<br><br>Defendants. | No. 3:23-cv-3995<br><br>**DECLARATION OF GERARDO CONCAS IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

GERARDO CONCAS, pursuant to 28 U.S.C. § 1476, declares as follows:

1. I am the principal and founder of the Plaintiff, Costamar Travel Cruise & Tours, Inc. ("Costamar")

2. Costamar is a company I founded over forty-five (45) years ago, and as I near the end of my life, I can say with pride that the company is very much a reflection of my own values.

3. I have always been passionate about travel, adventure, and seeing the world at large, and of curating memorable experiences for my friends and family that they will remember for a lifetime. Travel is something that takes us away from our everyday lives but simultaneously brings us closer together and solidifies our bonds to one another. As a family run operation, we view our company as an extension of our family and treat our employees and customers as we would treat our own family.

4. Costamar has built a reputation for customer service and being a "one-stop shop" through these many decades of dedication. We are recognized throughout Latin America and the United States for making travel easy and accessible to the consumer and for our large footprint and ability to serve almost any travel need. Our website itself is second to none - https://costamar.com/. With over eighty (80) physical offices and a dedicated staff, it has been my life's work to build and maintain this unparalleled reputation and brand name for all these years, building out our technological infrastructure, brick and mortar footprint, service philosophy, image, and brand and, in the process, capturing a huge segment of the travel market, particularly in Latin America, and particularly for international travel.

5. For decades, Costamar has been recognized as a leading global online travel company that provides a value to our clients with personalized service, cutting edge technology, and an approach that is seamless and allows our customers to explore the world and experience different cultures or put together travel packages with ease—and with dedicated, friendly support from our exceptional staff and affiliates, who are dedicated to booking through our proprietary travel ecosystem, and taking care of our customers like family.

### Background on Defendants' Infringing Conduct

6. In February 2012, I received a series of e-mails from Adriana Marin on my staff that Ms. Pena and Mr. Clavijo's Costamar Freehold office was actually registered with a competitor but continued to hold themselves out to the public as Costamar and trade on our advertising.

---------- Forwarded message ----------
From: Adriana Marin <a.marin@costamar.com>
Date: Mon, Feb 20, 2012 at 2:57 PM
Subject: Agency in Tom River
To: Gerardo Concas <gerardo@costamar.com>, Flor Nayibe <f.lozano@costamar.com>

Mr Concas:

This agency is registered in Costamar as Mexico Express but still on the business cards it uses the name of Costamar. The agency it is attended by Mr. Francisco.

Yellow pages and Google search engines appear as Costamar Travel Tom River.

What I did find strange is the names that appear of owners of Costamar agency Tom River George Clavijo husband of Nidia Pena and Nidia Pena.

I copy what I found.

2

Exhibit A hereto is a true and accurate copy of the excerpted e-mail.

7.  Over the next month or so, Nayibe Lozano of my staff investigated the issue and confirmed that Ms. Pena had been buying from another agency for more than two (2) years, selling a significant number of bookings to other agencies, utilizing our name, our advertising, and our booking system to obtain the leads.

> Start of forwarded message:
> From: Nayibe Lozano <f.lozano@costamar.com>
> Date: March 8, 2012 11:53:53 AM ITS T
> To: <g.concas@costamar.com>
> Subject: Reply COSTAMAR FREEHOLD
>
> Good morning Don Gerardo.
>
> Below I detail what happened with Ms. Nydia Peña from Costamar Freehold, NJ:
>
> On March 5, I talked to her about the payment of some Chargebacks that they have pending and that the airline already charged us directly for the report. Her response was... "that they had already sent the check to the airline, that it was our problem how we recovered the money and that it was tired of us, that she was not buying from us anymore and that she was no longer in charge of this office and that now Mrs. Sandra Laboy is the in charge."
>
> Due to this comment and as the aforementioned chargeback is still pending payment, the decision was made to close her profile and cancel her signature to avoid a conflict of interest since Mrs. Peña herself
>
> We found out that she buys from another agency. This information was confirmed taking as reference period
> from February 27 to March 4:
> Year 2010 I buy 25 tickets
> Year 2011 bought 23 tickets
> Year 2012 bought 6 tickets
>
> I await your comments.
>
> Greetings,
> Nayibe Lozano
> USA Auditor
> T 954 343-5721
> F 954 337-0966
> f.lozano@costamar.com

Exhibit B hereto is a true and accurate copy of the excerpted e-mail.

8.  Thus, Ms. Pena represented to my staff that she was no longer buying from Costamar, and that she was no longer in charge of the office. This was extremely dishonest, in that, in reality, Ms. Pena was continuing to hold herself out as Costamar Travel Freehold & Costamar Travel Toms River, while her and her husband continued to use our booking system to book for other agencies! Worse yet, they lied about it and claimed not to be selling under our name anymore, when they were clearly still doing so.

9. Based on the above, on or about March 8, 2012, we revoked Nydia Pena's credentials to use the Costamar Travel booking system, because it was a conflict for her to hold herself out as "Costamar Travel" to the public, to capitalize on our advertising, then book through our competitors, and deprive us of revenue earned through our marketing spend, while simultaneously deceiving the public.

10. On March 8, 2012, Ms. Pena contacted me to complain about our revocation of her credentials, and to explain to me that the reason we were not seeing the bookings from her at the usual rate was because she was "more dedicated to tax preparation and it is also [s]low season."

11. This was a marked departure from the prior report, in which she was no longer booking through us, did not control the office, and was not engaging in travel bookings at all—all of which were lies. Simply put, if what she was telling me was true, there would have been no reason to complain about losing access to our booking system, since Ms. Pena would not need it unless she was still booking travel. An excerpt of that e-mail follows:

> From: ncostamarfree@aol.com
> Date: **March 8, 2012** 4:02:34 PM ITS T
> To: f.lozano@costamar.com, g.concas@costamar.com
> Subject: Re: Answer COSTAMAR FREEHOLD
>
> Mr. Concas, Mrs. Nayibe called [my] office saying that I had to contact her urgently because I am owing the company, I informed her that I had already sent the money to Delta because the Memo debit arrived to me, and it said that I had to pay it urgently, later I called Nayibe and informed her I ordered stop payment to delta and that I sent the payment that was owed to you to the Elizabeth office with Ck # 3078, which you must already have received. About the tickets she reports that I have bought from you, I think she is very wrong because only in the year 2011 I bought from you tickets for a value of $700,000.00 dollars. I do not think that is 23 tickets for this amount. Right now we are more dedicated to tax preparation and it is also low season, that is why they have not been purchasing on a larger scale, but please check our sales record, so that you can Look at the sales volume. We also believe that we should have been warned that you no longer wanted our representation of a written form before proceeding to close our account, at least out of consideration for all the years that I have been working with You.

4

    Atte Nydia Pena

Exhibit C hereto is a true and accurate copy of the excerpted e-mail.

    12.    I issued a Cease and Desist letter to Ms. Pena and Ms. Clavijo on March 20, 2012 and gave them thirty (30) days to stop using our trademarked name. No objection was made to said letter. A translation of the Cease and Desist letter follows:

> **TRANSLATION OF MARCH 2012 – CEASE AND DESIST LETTER**
> **FROM GERARDO CONCAS TO NYDIA PENA**
>
> Dear Nidia:
>
> This letter expresses my feelings about the following:
>
> -By allowing your agency to be franchised and named "Costamar Freehold", we expected exclusivity from you when buying and reserving air tickets, cruises and tour packages.
>
> -It cannot be accepted that an agency with the name of Costamar is buying from other agencies because it creates a conflict of interest.
>
> -In 2007 a Mexico Express agency (Mr. Francisco Jimenez) applied to be a Costamar agency. In the public files we verify that you are the owner. I don't recall approving an outdoor sign with my logo.
>
> -Analyzing the latest sales reports and comparing them with previous years, we notice that your production has decreased.
>
> Based on the above points, I consider that the best option is to separate and ask you in the most attentive manner that in the next 30 days you withdraw the Costamar name from your 2 offices.
>
> I want to thank you for the opportunity that allowed us to do business together and I wish you much success and prosperity.
>
> Sincerely,

Exhibit D hereto is a true and accurate copy of the Cease and Desist Letter I sent.

    13.    You will note that one of the complaints in the Cease & Desist letter was that Ms. Pena used our sign, without approval, at one of her offices, even when she was still a travel agent who was otherwise in good standing with our company. Even then, she was engaging in unauthorized use of intellectual property without being licensed to do so, and without our knowledge of her activities at that location, which she shielded by using a strawman to make applications, without us knowing this was a third location. By doing so, she could hide the additional sales to our competitors, and avoid detection. Then, as I noted in the Cease & Desist

5

letter, we discovered that a majority of Ms. Pena's revenue was coming from bookings with other agencies, and the number of bookings we were receiving was decreasing.

14. I confronted Nydia Pena over the phone, and she told me verbally that she would no longer engage in travel services or use the "Costamar" name and was now focused entirely on tax preparation and was no longer running a travel agency office. It was very disheartening to be told these lies when we already knew about Ms. Pena's duplicitous activities.

15. My staff later confirmed, as of July 1, 2014, that Ms. Pena had taken down the "Costamar" signs at the various agencies and was not utilizing our trademark to sell travel services. It was unclear if they were still in the travel business at the time, but I was informed that they were now affiliated with Florida Best.

---------- Forwarded message ----------
From: Adriana Marin <a.marin@costamar.com>
Date: Tue, Jul 1, 2014 at 11:02 AM
Subject: Fwd: Tom River Agency
To: Claudia Fuentes <c.fuentes@costamar.com>
Cc: Nicole Concas <n.concas@costamar.com>, Jorge Diaz <j.diaz@costamar.com>

Claudia :

I sent you the information from Tom River's agency.

Jorge sent them a letter and they later sent a photo with the fixed sign.

I'll send you that too.

They work with Florida best.

Greetings

Adriana

Exhibit E hereto is a true and accurate copy of the Cease and Desist Letter I sent.

16. From that point forward, I did not uncover any information about further infringement or have reason to believe that Ms. Pena's statements that she stopped trading under the "Costamar" name were false. It now appears that this was a lie and after some period of abatement, the infringement re-commenced.

**Medical Health Issues**

6

17. Since 2009, I have experienced numerous serious medical hardships, many of which had me admitted to the emergency room. At the time of the Cease and Desist letter, I was diagnosed with prostate cancer and had begun treatments.

18. A short summary of my more significant medical procedures follows:

- 2009 - Nephrectomy at Broward Health Medical Center (FL)
- 2010 - Abdominal Aortic Aneurysm at Broward Health Medical Center (FL)
- 2011 - Seed Implantation for Prostate Cancer at Broward Health Medical Center (FL)
- 2017 - Feb 11 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2019 - Jan 05 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2021 - Dec 16 - Emergency Hospitalization at Broward Health Medical Center (FL)
  - Peritoneal Catheter installed and start of nightly peritoneal dialysis
- 2023 - Nov 01 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2023 - Nov 31 - Emergency Hospitalizationat Clinica Delgado (Lima, Peru)
- 2024 - Feb 05 - Hospitalization at Mount Sinai (NY)
- 2024 - Feb 26 - Hospitalization at Mount Sinai (NY)
  - Aortic Valve replacement surgery, and Stent Repair
- 2024 - Mar 01 - Emergency Hospitalization at Mount Sinai (NY)
  - Pacemaker installed
- 2024 - Mar 06 - Emergency Hospitalization at Garnet Health Medical Center (FL)
- 2024 - Oct 15 - Emergency Hospitalization at Cleveland Clinic (FL)
  - nstemi heart attack, blocked raymus heart artery, stent placed
- 2024 - Oct 23 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2024 - Nov 10 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2025 - Jan 09 - Emergency Hospitalization at Holy Cross Hospital (FL)
- 2025 - Jan 17 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2025 - Jan 30 - Emergency Hospitalization at Broward Health Medical Center (FL)
- 2025 - Feb 12 - Hospitalization at Broward Health North (FL)

19. Unfortunately, due to my extreme medical hardships, the lack of proximity to the Defendant's place of business (given that I am located in Fort Lauderdale, Florida) and because I believed that the Defendants had acted in good faith in refraining from using the trademark name, I did not discover anything further to lead me to believe that Defendants had recommenced infringing on our trademark.

20. Defendants, by way of cancelling their book log, also prevented us from ascertaining the bookings they had made from 2014 through 2023.

### Transfer of Ownership & Management of Costamar Travel to My Children

21. On December 31, 2021, I gave my children, Gabriel Concas and Nicole Diaz, and their children and future children, a 45 percent ownership each via trusts.

22. On December 31, 2021, I gave my children Gabriel Concas and Nicole Diaz 4.5 percent ownership each of Costamar Travel.

23. Shortly after my children gained partial ownership of Costamar, on May 25, 2023, they were notified that the Defendants had not only not continued to use our trademarked name but had fabricated a lie—and were claiming that they had purchased the franchise a long time ago.

24. It was also revealed that the Defendants were using the trademarked name to buy tickets through a competitor called "Florida Best."

25. The specific email that triggered the new administration to take immediately legal action is the one below, which we received from our sales manager—**when a customer tried to go to a "Costamar" office in Freehold for a reservation, despite "Costamar" having no affiliated Freehold office**—which is excerpted below and a true and accurate copy of which is attached hereto as Exhibit F.

> On Thu, May 25, 2023 at 11:06 AM Adriana Marin <a.marin@costamar.com> wrote:
> Sr Concas:
>
> Un cliente que tenía una reserva con nosotros y pidió poder pasar por el Costamar que le quedara más cerca.
>
> El indicó que la oficina por la que podía pasar estaba en la dirección 2785 Hooper Ave, Brick Township, NJ 08723.
>
> Verifique en Google y llame a ese telefono y contesto Jorge Pena esposo de Nidia Pena.
>
> Le dije que no tenía entendido que ellos podían usar el nombre de Costamar y me dijo que ellos compraron la franquicia hace mucho tiempo.
>
> Igualmente me dijo que ellos compraban a Florida Best .
>
> Les dejo saber por si se requiere hacer alguna acción legal al respecto.
>
> Saludos,
> Adriana.
>
> COSTAMAR TRAVEL
> Adriana Marín
> Nacional Sales Manager

**TRANSLATION:**

> Mr. Concas:
> A client who had a reservation with us and asked to go to the Costamar that was closest to him.

> He indicated that the office he could stop by was at 2785 Hooper Ave, Brick Township, NJ 08723.
> I checked Google and called that phone number and Jorge Pena, husband of Nidia Pena, answered.
> I told him that I didn't understand that they could use the Costamar name and he told me that they bought the franchise a long time ago.
> He also told me that they bought from Florida Best.
> I let you know in case any legal action is required in this regard.
> Greetings,
> Adriana.

26. Ms. Marin then confirmed that the infringement was going on at three locations run by Ms. Pena and Mr. Clavijo.

> -------- Forwarded message --------
> From: Adriana Marin <a.marin@costamar.com>
> Date: Thu, May 25, 2023 at 11:28 AM
> Subject: Re: Of Costamar Brick Township, NJ 08723
> To: Gerardo Concas <g.concas@costamar.com>, Nicole Concas-Diaz <n.concas@costamar.com>, Maria Elena Menendez <m.menendez@costamar.com>
> Cc: Flor Nayibe <f.lozano@costamar.com>
>
> Sr Concas:
>
> Adjunto las tres direcciones de Oficinas de Costamar que no corresponden a nosotros.
>
> 1. 984 NJ-166, Toms River, NJ 08753 Tel: 732-4730013
> 2. 2785 Hooper Ave, Brick Township, NJ 08723 Tel: 732-4774100
> 3. 52 Throckmorton St, Freehold, NJ 07728. Tel: 732 4314588
>
> Saludos,
> Adriana.

**TRANSLATION:**

> Mr. Concas:
> Attached are the three Costamar Office addresses that do not correspond to us.
> 1. 984 NJ-166, Toms River, New Jersey 08753 Tel: 732-4730013
> 2. 2785 Hooper Ave, Brick Township, New Jersey 08723 Tel: 732-4774100
> 3. 52 Throckmorton St, Freehold, New Jersey 07728. Tel: 732 4314588
> Greetings,
> Adriana.

<u>Exhibit G</u> hereto is a true and accurate copy of the excerpted e-mail.

27. Upon my children doing a "GoogleMaps" search, it was evident that the Defendant's had continued to use our trademarked name, design and font on signage at their

business locations after being issued the Cease and Desist letter in 2012, after a short period where they had temporarily stopped doing so to avoid detection.

28. Even in spite of registering "Costa y Mar Services" in 2013, they continued to use our trademarked name, "Costamar," our trademarked globe logo, and our trademarked sign in their storefront, as appears from various Google Images, excerpted here as <u>Exhibit H</u>.

29. Their continued use of our trademarked name is not only trademark infringement but has caused, and continues to cause, confusion amongst our clientele. "Costa y Mar Services" is also not distinct, because it is associated with a location, logo, sign, and group that all point to our goodwill and reputation, with which the public has become familiar, and in combination, these references to our company are designed to reap the benefit of our extensive marketing spend, earning the Defendants a windfall.

30. I submit this certification in support of the Motion for Default Judgment and attorneys' fees to provide evidence and support for the fact that the $300,000 is far less than the projected actual damages expected to have been incurred, even assuming that the violation of our trademark was restricted to a single location and was not going on at all three (3) locations for all of these years, as we believe to be the case.

31. To reiterate what I said at the outset—I don't know how much longer I will have the pleasure of being here with my family—but what I am leaving behind, as part of my legacy, is a business we have built together, based, primarily, on a reputation of passionately serving our customers and giving them fair value for their money. It breaks my heart to see our good name drug through the mud by individuals who do not share our character and values, and who might cause our customers to have a bad experience. Above all else, we just want an injunction to stop

any further wrongful use of the name that we have worked so hard to ensure is synonymous with our own family values.

I declare under penalty of perjury that the foregoing is true and accurate. Executed on February 28, 2024.

Fort Lauderdale, Florida.

_____
GERARDO CONCAS