**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| COSTAMAR TRAVEL CRUISE & TOURS, INC., | |
| Plaintiff, | Civil Action No. 23-3995 (RK) (TJB) |
| v. | **MEMORANDUM ORDER** |
| NYDIA PENA & GEORGE CLAVIJO, | |
| Defendants. | |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff's Second Motion for Default Judgment. ("Second Motion," ECF No. 20.) The Court, in a Memorandum Opinion dated October 4, 2024, denied without prejudice Plaintiff's First Motion for Default Judgment ("First Motion," ECF No. 8) as untimely. (ECF Nos. 13, 14.) For the reasons explained below, the Motion for Default Judgment is **DENIED**.

Here, the Court briefly recounts the pertinent facts and otherwise adopts the background as set forth in the Court's prior decision. (ECF No. 13); *Costamar Travel Cruise & Tours, Inc. v. Pena*, No. 23-3995, 2024 WL 4425660 (D.N.J. Oct. 4, 2024). The following facts are alleged in the Complaint (ECF No. 1) and taken as true. Plaintiff Costamar Travel Cruise & Tours, Inc. ("Plaintiff") is a New Jersey travel agency and the owner of various trademarks relating to its travel business. (ECF No. 1 ¶¶ 7, 12–14.) Husband-and-wife Defendants Nydia Pena ("Pena") and George Clavijo have allegedly infringed on Plaintiff's intellectual property rights by using the Costamar name in their own travel business. (*Id.* ¶¶ 23–31.) In the 1990s, Pena was an employee of Plaintiff before their relationship transitioned into a joint venture arrangement in 1999. (*Id.* ¶¶

16–17.) In March 2012, Plaintiff issued a cease-and-desist letter terminating the joint venture and demanding that Pena immediately stop using the Costamar name. (*Id.* ¶ 23.) Plaintiff alleges that, notwithstanding the cease-and-desist letter, Pena continued to use Plaintiff's name and hold herself out as an owner of a Costamar travel agency. (*Id.* ¶¶ 25–26, 29.) Clavijo is alleged to have aided and abetted Pena. (*Id.* ¶ 31.)

Under these allegations, Plaintiff brought trademark infringement and trademark dilution claims under the Lanham Act; trademark infringement, unprivileged imitation, and unfair competition claims under New Jersey intellectual property statutes; and trademark infringement and unfair competition claims under common law. (*See id.* ¶¶ 32–82.)

In denying the First Motion for Default Judgment on timeliness grounds, the Court noted that "[a]s alleged, Defendants have run their businesses with no move by Plaintiff towards litigation from 2012 to 2023." (ECF No. 13 at 10.) Notwithstanding, Plaintiff had not "explain[ed] why it waited over a decade to file suit against Defendants." (*Id.*) Nor did Plaintiff "allege any activities that happened after 2012 which prompted Plaintiff to file [this complaint] in 2023, or discuss why it waited so many years to do so." (*Id.*) As such, the Court dismissed the First Motion on the basis of statute of limitations and laches.[1]

The present motion is a word-for-word refiling of the First Motion and an affidavit in support thereof. (*Compare* ECF No. 8, *and* ECF No. 11, *with* ECF No. 20.) In fact, the Second Motion was filed with the automatically-generated header containing the filing information of the First Motion and has the same date as the First Motion. (*See generally* ECF No. 20.) Thus, as an

---

[1] Despite Defendants having never appeared in the matter, the Court found, in its initial default judgment decision, that Plaintiff had adequately served Defendants, the Court had subject matter jurisdiction over all counts in the Complaint, and the Court had personal jurisdiction over Defendants. (ECF No. 13 at 6–7.)

exact replicate of the First Motion, the Second Motion fails to cure the timeliness issues identified in the Court's prior decision.

The Court does note, however, that the Second Motion was accompanied by two new declarations. (ECF Nos. 20-1, 20-2.) These declarations seek to set forth alleged facts—not present in the Complaint—regarding events occurring in 2023 that *could* explain why the lawsuit was filed that year. (*See, e.g.,* ECF Nos. 20-1 ¶ 23, 20-2 ¶ 15.) However, the appropriate way to cure untimeliness is through new allegations in an amended complaint. *See Sierra Foods, Inc. v. Haddon House Food Prods., Inc.*, No. 90-6841, 1992 WL 245847, at *15 (E.D. Pa. Sept. 22, 1992) ("Judgment by default may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged *in the complaint.*" (emphasis added) (quoting 6 Moore's Federal Practice, ¶ 55.03[2])); *Simple Design Ltd. v. Enerjoy Ltd.*, 710 F. Supp. 3d 817, 822 (C.D. Cal. 2024) ("[F]acts which are not established by the pleadings or claims and are not well-pleaded cannot support a default judgment." (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988))); *Sampson v. Lambert*, 903 F.3d 798, 806 (8th Cir. 2018) ("A district court may not enter default judgment based on a complaint not well-pleaded." (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015))). In other words, "[d]efault judgment is inappropriate . . . unless the plaintiff has provided well pleaded facts sufficient to establish a claim." *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*, No. 18-10359, 2019 WL 6318341, at *1 (D.N.J. Nov. 26, 2019) (citing *Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007)). Therefore, the Court cannot rely on the new alleged facts in the declarations that do not appear in the Complaint. As such, the Second Motion (ECF No. 20) is **DENIED** without prejudice. The Court provides, pursuant to Federal Rule of Civil

Procedure 15(a)(2), leave to file an amended complaint. If the Plaintiff wishes to file an amended complaint, it must do so by June 30, 2026, otherwise the case will be closed.

**THEREFORE**, it is on this 8th day of June, 2026,

**ORDERED** that Plaintiff's Second Motion for Default Judgment (ECF No. 20) is **DENIED** without prejudice, and it is further

**ORDERED** that, Plaintiff has until **June 30, 2026** to file an Amended Complaint, otherwise, the case will be closed.

 

_____

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**